In the Matter of the Accounting of GLADYS WEAVER, as Administratrix of the Estate of ROBERT W. WEAVER, Deceased.

Surrogate's Court, Kings County, May 31, 1949.

*Firestone, Ruskin & Reidel* for administratrix.

*William J. Grace,* special guardian for Robert Weaver and others, infants.

McGAREY, S. In this accounting proceeding pursuant to section 252 of the Surrogate's Court Act there is presented the question as to whether the distribution of the damages recovered for the wrongful death of decedent is to be made under the statute in effect at the date of his death or pursuant to the amendment of section 133 of the Decedent Estate Law, by chapter 639 of the Laws of 1949, effective April 16, 1949.

The note of the Law Revision Commission appended to the amended statute states that the purpose of the amendment is to change the rule so as to provide for distribution of the recovery in proportion to the pecuniary damages suffered by the surviving spouse and next of kin.

The decedent herein died May 12, 1947, as the result of injuries sustained by him in a motor vehicle accident. The decedent is survived by a widow and three infant children.

The amendment is not retroactive. The right of recovery by the widow and next of kin for injuries resulting in death is in

the nature of a property right and becomes vested immediately upon the death of the injured party. (*Pitkin* v. *New York Central & Hudson Riv. R. R. Co.,* 94 App. Div. 31, 109 App. Div. 911, affd. 185 N. Y. 548, approved *Sider* v. *General Elec. Co.,* 238 N. Y. 64.)

In *Matter of Brennan* (160 App. Div. 401, 410) it was held that this right was immune from legislative attack by a statute passed intermediate such death and the date of distribution.

The court, therefore, determines that the distribution in this estate will be made in accordance with the law in effect as of the date of decedent's death.

Proceed accordingly.