In the Matter of the Arbitration between PUBLISHERS' ASSOCIATION OF NEW YORK CITY, as Agent for the Publishers of New York Times and Other Newspapers, Petitioner, and JOSEPH SIMONS, as President of Newspaper and Mail Deliverers' Union of New York and Vicinity, et al., Respondents.

Supreme Court, Special Term, New York County, December 9, 1949.

*J. Howard Carter* and *John S. Bainbridge* for petitioner.

*Samuel Duker* for Joseph Simons, respondent.

BOTEIN, J. This is a petition by an employers' association for an order enjoining the arbitration of certain controversies between it and the respondent union, until a submission shall have been filed with the arbitrator limiting the issues to be arbitrated to a possible revision upward or downward of specified rates of pay. Because of certain proposals made by the union, the petitioner apprehends that the union will submit to the arbitrator an issue which it maintains is presently

not arbitrable under the contract — i. e., that of a welfare fund. Therefore, the petitioner seeks to exclude specifically from the determination of the issues to be submitted any consideration of fringe benefits, such as welfare or pension plans, insurance benefits and the like.

Section 18 of the contract between the parties provides that it shall remain in force for two years, commencing October 25, 1948, except that (§ 18-a) " If either party desire to negotiate for a revision of the basic wage rates as shown in Section 13-A, the parties shall enter such negotiations thirty days prior to the anniversary date ". It is further provided that if the negotiations do not produce an agreement " the matter shall be submitted to arbitration." Section 13-A sets forth only the hourly, daily, weekly and overtime wage rates for various types of employees and lists the " day rates ", the " weekly night rates " and the " Saturday night rates ". There is evident an intention rigidly to restrict the provisions of this section to the foregoing rates of pay, and to nothing more.

Reading section 18-A and section 13-A together, it seems clear that the proposed arbitration, under the terms of the contract between the parties, must be limited to a consideration of revision of the " basic wage rates as shown in Section 13-A ". Such questions as welfare plans, pension plans, and insurance benefits may not be considered by the arbitrator. These so-called fringe benefits are not properly included within the scope of the interim wage opening contemplated at the end of the first year, of the two-year term of the contract. Any conclusion to the contrary is repelled by both the history and by a reading of the contract. Also, to sanction the union's attempted justification of part of the wage increase on the ground that it is for the purpose of giving its members pension and welfare benefits would allow it by indirection to ask from the arbitrator an award of fringe benefits under the guise of such a wage increase.

The party to a contract containing an arbitration clause may not submit to arbitration questions which, on the face of the contract are clearly beyond the scope of the provision for arbitration. (*Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 297 N. Y. 519; *Matter of Belding Heminway Co.* [*Wholesale & Warehouse Workers' Union*], 295 N. Y. 541; *Matter of Gen. Elec. Co.* [*United Elec., Radio & Mach. Workers of America*], 196 Misc. 143; *Matter of Brookside Mills*, [*Raybrook Textile Corp.*], N. Y. L. J. Oct. 17, 1949, p. 860,

col. 7.) The present motion to exclude from the consideration of the arbitrator benefits such as welfare plans, pension plans, and insurance benefits is timely under subdivision 2 of section 1458 of the Civil Practice Act. Motion granted. Settle order in accordance with the foregoing.