In the Matter of the Arbitration between ALAMAC RESTAURANT, INC., Petitioner, and JAY RUBIN, as President of New York Hotel Trades Council, A. F. of L., et al., Respondents.

Supreme Court, Special Term, New York County, February 24, 1953.

*Gilbert Goldstein* for petitioner.

*Sidney Elliott Cohn* and *Vera Boudin* for respondents.

BOTEIN, J. This is an application to stay an arbitration commenced under a general arbitration clause in a collective bargaining agreement between an association representing hotel operators and the respondent, which is a council of trade unions representing workers in the local hotel industry. The petitioner operates a restaurant in a hotel which is a member of the association and, as such a concessionaire, has signed the basic collective bargaining agreement. It employs eleven members of the council unions.

The association and the council have entered into industry-wide agreements since 1938. The latest of these agreements expires on May 31, 1954. This agreement contains a so-called reopening clause (art. 23) which makes provision for machinery to discuss and negotiate the annual revision of standards of wages and hours. Clearly, as a party signatory to the current basic collective bargaining agreement, the petitioner designated the association to act as its agent in the negotiation of any supplemental agreement resulting from either party to the basic agreement invoking the reopening clause. The agreement also provides for arbitration in the event there are any disputes involving questions of interpretation or application of any clause in the agreement.

In February, 1952, the council made demand upon the association, purportedly pursuant to article 23, that the agreement be reopened so as to provide, among other things, for the establishment of a pension fund. An agreement was finally reached between the parties which was embodied in a supplemental agreement that contained a provision obligating employers to pay a percentage of weekly wages into a pension fund. The petitioner refused to make such pension payments and the respondent served a demand to arbitrate such failure.

The petitioner's main contention in opposing arbitration is that the association acted beyond the scope of its authority in agreeing to create a pension fund under a reopening clause designed to effectuate a modification of wages or hours. This contention cannot be sustained in the light of past dealings between the parties to the basic agreements over a period of fourteen years. Under prior reopenings, pursuant to clauses identical in wording with the one under consideration here, the parties negotiated such items as an elaborate social insurance and welfare plan and a medical center plan. By its own state-

ment, the petitioner has without challenge participated in and made payments to an insurance fund established in 1944 pursuant to such a contract reopening. It would appear that the pension fund under attack falls within the type of benefits previously negotiated between the parties to the agreement, including the so-called fringe benefits which the petitioner has accepted. The pension fund is accordingly embraced within the wage and hour revisions contemplated by the parties as appropriately negotiable under article 23. The course of dealing through the years and concurred in by the petitioner constitutes affirmation of the interpretation placed upon the reopening clause by the association and respondent (*Matter of Mencher*, 276 App. Div. 556). Therefore the association, as a negotiating party, had the authority to enter into the pension fund supplemental agreement on behalf of the petitioner.

*Matter of Publishers Assn. of New York City* v. *Simmons* (196 Misc. 888), cited by the petitioner and decided by this court, is not determinative of the present application. It also construed a reopening clause of long standing, but with a course of dealings between the parties which was in sharp contrast to that of the clause under consideration. In that case the history of negotiations was barren of any interim revision negotiations embracing anything other than wages and hours in the more literal sense. In fact, the affidavits in the *Simmons* matter disclosed that the question of other benefits was raised during interim reopenings of agreements between the association and other unions, was discussed and specifically and repeatedly excluded through the years of negotiations.

Motion denied.