■

JOSEPH SMITH et al., Appellants, v. ISIDORE HITTNER et al., Respondents, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ.

■

In the Matter of the Arbitration between ALAMAC RESTAURANT, INC., Appellant, and JAY RUBIN, as President of New York Hotel Trades Council, A. F. of L., et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ. [203 Misc. 463.]

■

RUDOLPH J. REIMAN, Appellant, v. WALTER VON FELDAU, Respondent. LOUIS P. ZWEIG, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ.

■

GENERAL ELECTRIC COMPANY, Respondent, v. MASTERS, INC., Appellant.— Order [entered March 4, 1953], unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ. [See 282 App. Div. 667.]

■

GENERAL ELECTRIC COMPANY, Respondent, v. MASTERS, INC., Appellant.— The order appealed from [entered Jan. 20, 1953] fails to set forth three separate contempts, based upon three violations of any prior order or orders, and therefore it is insufficient in form to sustain a fine of $750. Order unanimously modified so as to reduce the fine to $250 and, as so modified, affirmed. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ.

■

LILLIE FRALEY, as Administratrix of the Estate of NATHANIEL FRALEY, Deceased, Respondent, v. HENRY MULLER, JR., Doing Business as MULLER BROS., Defendant. HENRY FRALEY, Appellant.— Whether the father of the decedent son is entitled to share in the death action depends on whether he had voluntarily abandoned or failed to support his family within the meaning of subdivision 2 of section 133 of the Decedent Estate Law. Since the death was in 1948, the amendment of 1949 to section 133, providing for distribution in proportion to pecuniary injuries suffered does not apply to this case. There is an issue between the mother and·father whether the separation between them was due to the father's illness, or to an abandonment and that issue should be examined. Order unanimously reversed and the matter remitted to Special Term for a hearing on that issue, with costs to abide the event. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Breitel and Bergan, JJ.

■

JUNIUS S. MORGAN et al., Respondents, v. MABEL S. INGALLS et al., Appellants, and LEONARD A. KEYES, as Surviving Executor of LOUISA P. SATTERLEE, Deceased, et al., Respondents.— Under all the circumstances we think any allowance to the respondent Rosenblatt in excess of the sum of $10,000 was unwarranted. Supplemental judgment unanimously modified by