In Matter of Estates of Donna Sue Dance, Deceased, Richard Dance, Deceased, and Robert Dance, Deceased.

Donald Dance, Administrator of Estates of Donna Sue Dance, Deceased, et al., Donald Dance and Susan Dance, Plaintiffs-Appellees, v. Mary Jane Martelli and Vincent Albert Martelli, Minors, Defendants-Appellants.

**Gen. No. 10,144.**

Third District.

January 20, 1958.

Opinion amended February 4, 1958.

Released for publication February 11, 1958.

George F. Limerick, of Decatur, for appellants.

Vail, Mills and Armstrong, of Decatur, for appellees.

PRESIDING JUSTICE CARROLL delivered the opinion of the court.

On April 2, 1955, Donna Sue Dance, aged 3, Richard Dance, aged 5 and Robert Dance, aged 8, children of Donald and Susan Dance, met death by drowning when the automobile driven by their mother in which they were riding, collided with another automobile and went into the waters of Lake Decatur in Macon county.

The deceased minors each left surviving as their sole and only next of kin, their father, Donald Dance, their mother, Susan Dance and their half brother and half sister, Vincent Albert Martelli and Mary Jane Martelli.

Donald Dance, having been appointed administrator of the estates of each of the deceased minors, brought suit in the Circuit Court of Macon county to recover for their wrongful deaths. On November 7, 1955, the administrator petitioned the County court of Macon county for authority to compromise and settle the causes of action for the death of each of the minor decedents for the following sums: Donna Sue Dance, $3,000.00; Richard Dance, $4,000.00 and Robert Dance, $4,500.00. The administrator's petitions also included a prayer that the court determine the degree of dependency of the heirs and next of kin of the decedents. A guardian ad litem was appointed to represent the interests of Mary Jane Martelli and Vincent Albert Martelli, who were minors, and an answer in their behalf was filed. The County court allowed these petitions and entered orders approving the settlements and directed that the proceeds thereof be distributed one-fourth each to Donald Dance, Susan Dance, Mary Jane Martelli and Vincent Albert Martelli. From these orders plaintiffs appealed to the Circuit Court of Macon county. In that court a guardian ad litem for the minor defendants was appointed and the petitions ordered consolidated for hearing. Upon trial de novo, the Circuit Court entered a consolidated order

finding that plaintiffs Donald Dance and Susan Dance were the sole dependents of the three minor decedents and directing that the proceeds of the proposed settlement be distributed one-half to Donald Dance and one-half to Susan Dance. Defendants prosecute this appeal from the foregoing order of the Circuit Court.

The record discloses that in 1943, plaintiff Susan Dance was divorced from Albert Martelli, father of the minor defendants; that since that time defendants have lived with their father in the State of New Jersey; that decedents had no property or income and were wholly dependent upon plaintiffs; and that neither plaintiffs nor defendants were dependent upon decedents. On the trial over the objection of the guardian ad litem, plaintiffs were permitted to introduce certain evidence as to the absence of social contacts between the decedents and the Martelli children and also as to the fact that the latter contributed nothing to the support of the decedents. In view of the conclusion reached, we regard any detailing of this evidence unnecessary.

Upon the date of the death of the minor decedents, the provisions of the Wrongful Death Statute governing distribution of the proceeds of actions thereunder were as follows:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death,

124

to the wife and next of kin of such deceased person, not exceeding $15,000 where such death occurred prior to the effective date of this amendatory Act of 1951, and not exceeding $20,000 where such death occurred on or after the effective date of this amendatory Act of 1951." (Sec. 2, Chap. 70, Ill. Rev. Stats. 1953.)

Effective July 14, 1955, the foregoing provisions of the Wrongful Death Statute were amended to read as follows:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding $20,000 where such death occurred prior to the effective date of this amendatory act of 1955, and not exceeding $25,000 where such death occurred on or after the effective date of this amendatory act of 1955.

"The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of agreed settlement, by the county or probate court, as the case may be, to each of the widow and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." (Sec. 2, Chap. 70, Ill. Rev. Stats. 1955.)

The basis of defendants' contention for reversal is that distribution of the proceeds of the compromise settlement of the Wrongful Death claims is governed by the Wrongful Death Statute as it existed at the

125

time of decedents' death and that the trial court erred in ordering such proceeds distributed equally between Donald Dance and Susan Dance. Alternatively, defendants' theory is that if the Death Statute as amended is to govern the distribution of the proceeds of the proposed settlement, the minor defendants should equally share with the plaintiffs since the dependency upon the deceased minors of their next of kin was not established and therefore the court below could not determine the percentage of dependency as provided by the amended Statute.

Substantially, plaintiffs argue that the interests of defendants in the proceeds of the settlement of the death action as provided by the Act at the time of the death of decedents are not vested rights; that it was within the power of the legislature to withdraw or abolish the same and that such is the effect of the 1955 amendment upon the rights which the defendants claim in the settlement proceeds.

The general question as to when legislation may be construed to apply retroactively has received the attention of our courts on many occasions. We shall here refrain from any attempt to review or discuss the many decisions dealing with this subject. We deem it sufficient to say that an exhaustive analysis thereof is found in Orlicki v. McCarthy, 4 Ill.2d 342; Theodosis v. Keeshin Motor Exp. Co., 341 Ill. App. 8; People v. Lindheimer, 371 Ill. 367 and Wall v. Chesapeake & Ohio Ry. Co., 290 Ill. 227.

A study of these cases seems to lead to a definite conclusion that there is no unanimity of opinion among jurists as to when statutory amendments may be applied retroactively. However, these and other decisions do reflect agreement that under the Statutes Act (Sec. 4, Chap. 131, Ill. Rev. Stats. 1955) the only rights thereby protected against retroactive legislation are those referred to as "vested rights," but a pre-

126

cise all-inclusive definition of the latter term is not furnished. The courts have also held that where the change in law merely affects the remedy or law of procedure, the same will apply retroactively.

We do not believe the amendment under consideration is susceptible of being interpreted as being related to procedure. The procedure by which the right of action for the wrongful death is enforced remains the same under the Injuries Act as it existed prior to the amendment. Furthermore, the amendment did not exclude from participation in the proceeds of a recovery thereunder any of the persons named as beneficiaries under the original act. The persons or classes of persons entitled to share in a recovery under the Act remained the same after the amendment as prior to its adoption. Admittedly, when the minor decedents died on April 2, 1955, the defendants were entitled to share in the proceeds of any recovery for their wrongful deaths according to the law of descent as it applied to the distribution of personal property left by persons dying intestate. It was so provided in the Wrongful Death Statute in these words:

". . . the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate . . ."

Thus it appears from the Statute as it existed prior to the 1955 amendment that defendants were thereby vested with the right not only to share in the distribution of the amount recovered for the wrongful deaths of decedents but also with the right to have their distributive share therein determined in a particular manner. In other words, the extent of the benefits accruing to defendants by virtue of the Statute in

127

question was dependent upon certain provisions of the law of descent.

The question which logically follows is whether the defendants by virtue of the 1955 amendment lost their right to their distributive shares in the recovery for the deaths of decedents as vested in them by Section 2 of the Injuries Act in effect on April 2, 1955.

So far as we have been able to learn, the reviewing courts of Illinois have not been called upon to decide whether an amendment such as that under consideration is to be applied retroactively. However, the courts of the State of New York have in a number of cases passed upon practically the identical question confronting us on this appeal. In 1949 the New York legislature amended the Wrongful Death Statute of that state to provide for distribution of the proceeds of a recovery thereunder to the "husband or wife and next of kin in proportion to the pecuniary injuries suffered. The proportions to be determined . . . as the court shall deem proper . . . ." In In re Weaver's Estate, 195 Misc. 405, 90 N.Y.S.2d 770, a case in which the distributive provision was amended after decedent's death the court held the amendment not retroactive, saying that "the right of recovery by the widow and next of kin for injuries resulting in death is in the nature of a property right and becomes vested immediately upon the death of the injured party." The decision of the court in In re Weaver's Estate, supra, has been followed in In Re Kaiser's Estate, 100 N.Y.S.2d 218 (Surrog. Ct., 1950) and in In Re Fraley v. Muller, 281 App. Div. 1016, 121 N.Y.S.2d 138. In the earlier case of In re Brennan's Account, 160 App. Div. 401, 145 N. Y. S. 440, the court considered a situation where a widow recovered a judgment for the death of her husband and at the time of his death, the statute then in force provided that recovery in such a case was exclusively

for the benefit of the decedent's husband or wife and next of kin and to be distributed the same as intestate property. Before judgment was obtained, the statute in question was amended to provide that in case the decedent left a surviving wife or husband, but no children, the recovery should be for the sole benefit of such wife or husband. The decedent left surviving his widow, his mother, one brother and four sisters. The widow claimed the entire recovery on the ground that the amendment was retroactive. The court held that the decedent's mother, sisters and brother should receive one-half of the recovery since disposition is governed by the statute in force at the time of the decedent's death. Holding the amendment not retroactive, the court in its opinion, observed that the Wrongful Death Statute under consideration "is more than a statute regulating a remedy; it both creates a right and imposes a liability." The court further held the right to the proceeds of a recovery under such Statute is "a pecuniary right; a right having the essential attributes of property, so that when it is taken away, compensation is due."

The foregoing decisions of the New York courts would appear to be applicable to the facts in the instant case.

Plaintiffs cite in support of their position Wall v. Chesapeake & Ohio Ry. Co. supra, Carlin v. Peerless Gas Light Co. 283 Ill. 142 and a number of other decisions. In none of such cases did the court have under consideration an amendment changing the method of distribution of the proceeds of a recovery had under the Wrongful Death Statute. On the contrary, in those cases, time-limitation amendments and others pertaining to procedural changes were in the main the subjects with which the courts were concerned. Wall v. Chesapeake & Ohio Ry. Co., supra, upon which plaintiffs place considerable reliance is illustrative of the

129

distinction between the case at bar and those cited by plaintiffs. In that particular case, a suit was filed on March 29, 1898 to recover damages for the death of Edward Wall, who was killed in Ohio on May 24, 1896. In 1903 the Injuries Act was amended to provide that no action under the Death Statute could be prosecuted in Illinois to recover for a death occurring outside of the state. The court held that it was within the power of the legislature to abrogate the right of the plaintiff to prosecute the action. In the instant case, the power of the legislature to abrogate a statutory right to bring a suit is not involved. The only right which defendants seek to enforce is that which vested in them on the date of the death of the deceased minors, and that is the right to share in any recovery made for their deaths in the proportion fixed by the law in effect on said date. The amendment in question in no way affected liability under the Death Statute or the procedures provided for the prosecuting of actions to enforce such liability. The subject matter of the 1955 amendment is exclusively confined to the manner in which the proceeds of a death action shall be distributed. Neither before nor after the date of the amendment did defendants have the right to bring a death action. Such right is in the personal representative of the decedents. The right conferred upon defendants by the statute as of the date of the death of the minor decedents was to share as then provided in any recovery thereunder, when and if the same is made. For the reasons pointed out, the cases relied upon by plaintiffs are not in point.

We are of the opinion that in the instant case the rights of the defendants became vested upon the deaths of the minor decedents and that the 1955 amendment should not be retroactively applied. Accordingly, the order of the Circuit Court of Macon

130

county is reversed and the cause remanded to that court with directions to proceed in accordance with the views herein expressed.

Reversed and remanded with directions.

REYNOLDS and ROETH, JJ., concur.