## In the Matter of the Estate of MARTIN GILBRIDE, Deceased.

Surrogate's Court, Livingston County, November 10, 1930.

*William J. Flynn*, for the petitioner.

WHEELER, S. This proceeding is pending for final judicial settlement of the accounts of Myrtie Gilbride, as executrix of the estate of Martin Gilbride, deceased.

The husband of the executrix met with death while employed by the Lackawanna Railroad Company, September 28, 1929, then engaged in interstate commerce.

The decedent left him surviving his widow and minor children, Jessie, Eloise, Martin and John Leslie, aged, respectively, fourteen, twelve, ten years and four months.

The administratrix legally compromised and settled with the railroad company for the damage occasioned by the death of her husband for the sum of $12,500.

The question now arises as to the apportionment of the fund between the widow and decedent's children.

This fund is distributable under the provisions of section 1 of the Employers' Liability Act of April 22, 1908 (U. S. Code, tit. 45, § 51), making every common carrier liable in damage for the negligent death of such employee. " To his or her personal representative, for the benefit of the surviving widow or husband and children of such employee * * *," or upon the provisions of section 9, added by the act of April 5, 1910 (36 U. S. Stat. at Large, 291, chap. 143; U. S. Comp. Stat. Supp. 1911, p. 1324), that " any right of action given by this Act to a person suffering injury shall survive to his cr her personal representative, for the benefit of the surviving widow or husband and children of such employee * * *."

A case similar to the instant case is *Gulf C. & S. F. R. Co.* v. *McGinnis* (228 U. S. 173). In this case the action was brought in the State court of Texas under the Employers' Liability Act of April 22, 1908 (35 U. S. Stat. at Large, 65, chap. 149; U. S. Comp. Stat. Supp. 1911, p. 1322), by the administratrix.

The decedent left a widow and five children; the jury brought in a verdict of $15,000, and under the instructions of the court the jury apportioned the fund between the widow and the children.

The court held that the act is for the benefit of the dependent relatives; that the statutory action is not for the equal benefit of each of the surviving relatives, but must be measured by individual pecuniary loss.

This statute was enacted for the benefit of the surviving widow and children. It cannot be entirely awarded to the widow in this case, as was suggested by counsel, because the statute provides otherwise. The minor dependent children are entitled to a fair apportionment regulated to some extent by their minorities.

The widow, by the death of her husband, suffers the greatest financial loss. It was the duty of the husband to support and maintain her throughout her lifetime; she is a young woman.

The court, under ordinary circumstances, would direct distribution according to the statutes of the State of New York.

This case is not an ordinary one. The decedent left no estate; he left debts and funeral expenses, which the widow has paid; she also paid off a mortgage on her own farm to save the home from foreclosure action. She had previously taught school for six and one-half years, and turned over those earnings largely into the home and farm and toward the support and maintenance of the family. Afterwards she took in boarders, averaging as many as six, to assist her husband in the maintenance of the family, and the record discloses that she is still taking in boarders.

She has the burden of caring for this family until they reach majority; she has shown herself willing and capable of assuming this responsibility. In view of the special circumstances of this case, the fund of $12,500 shall be distributed as follows: To the widow, subject to the expenses of this accounting, $8,500; to Jessie, aged fourteen, $700; to Eloise, aged twelve, $900; to John, aged ten, $1,100; the amount so apportioned to the three minors allows each $100 a year until they reach the age of twenty-one. The balance remaining, amounting to $1,600, is apportioned to the minor John Leslie, aged four months.

Allowances to be adjusted upon the coming in of the decree.

Decreed accordingly.