PHILIP GRASSO, Administrator, etc., of JOHN GRASSO, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 25615.) — Appeal from a judgment of the Court of Claims which dismissed appellant's claim to recover damages for the death of his son. The latter was an inmate of the Woodbourne Institution for Defective Delinquents. While engaged in breaking rock he was struck by a rolling stone which had become loosened from the side of an embank-

ment near which he was working. The blow fractured the tibia and fibula of his left leg and caused an embolism from which he died some hours later. It was found that the accident was caused by the State's negligence and without contributory negligence on the part of the decedent. An award was denied solely on the ground that no pecuniary loss was sustained by claimant. The proof indicated that there was no reasonable prospect that decedent would have been released from the institution if he had lived. Judgment affirmed, without costs. Crapser, Schenck and Foster, JJ., concur; Heffernan, J., dissents in a memorandum, in which Hill, P. J., concurs. [177 Misc. 690.]

HEFFERNAN, J. (dissenting). In this case it is conceded that claimant's intestate lost his life through the negligence of the State and without fault on his part. Under these circumstances damages are presumed to result because of the State's infringement of the legal right of claimant. (25 C. J. S., Damages, § 6; 15 Am. Jur., Damages, § 8.) If claimant was entitled to recover nothing else he should have been awarded nominal damages. Such damages are given not as an equivalent for the wrong but in recognition of a technical injury. Nominal damages are regarded as the subject of a substantial legal claim and a party is entitled to them whenever he can show an invasion of or an injury to a legal right. (25 C. J. S., Damages, § 8.) In this case it seems to me that more than nominal damages should be awarded. At the time he came to his death claimant's intestate was doing heavy manual labor for the State. Evidently the State regarded his services as of some value. In addition to that claimant's intestate prior to his incarceration had earned some money driving a team of horses. On this record we may not say that the decedent would never become a useful member of society. Who can say that his mental condition would never have improved? Hill, P. J., concurs with Heffernan, J.