Appellant administratrix appeals from a judgment of the Court of Claims awarding her as her sole damages the burial expenses of the intestate who was an inmate of the Hudson River State Hospital. He was killed through the negligence of the State; its liability is not contested. The matter has been before us on an earlier appeal (267 App. Div. 795) and thereafter a reargument was had (268 App. Div. 808). The Court of Claims found that the decedent was incurably insane and it would never have been possible for him to leave the State Hospital. This finding correctly reflects the weight of the evidence. The award was adequate. (Grasso v. State of New York, 264 App. Div. 745, affd. 289 N. Y. 552.) Judgment affirmed, without costs. Hill, P. J., Brewster, Foster and Russell, JJ., concur; Heffernan, J., dissents in the foEowing memorandum : I dissent and vote to make an award of damages in favor of claimant in addition to funeral expenses. The testimony of Dr. Patry convinces me that the use of shock therapies on claimant’s intestate would have improved his mental condition. The fact that claimant was mentally ill at the time of his death is no bar to a recovery here. The five medical expert witnesses sworn by the State are all employed with one exception at State hospitals. The one excepted is employed at Bellevue Hospital owned by the City of New York. When their testimony is examined it seems to me that the probative force of Dr. Patry’s evidence is unimpeached.