In the Matter of the Accounting of GEORGIA KAISER, as Administratrix of the Estate of JOSEPH J. KAISER, Deceased.

Surrogate's Court, Kings County, October 23, 1950.

*Isidore Levine* for administratrix, petitioner.

*Anna M. Perdue,* special guardian for Joseph Kaiser, an infant.

RICHARDSON, S. The administratrix herein seeks approval of the compromise of the action for wrongful death of decedent, settlement of her account, fixation of the compensation of her attorney for services rendered to the estate and a determination of the proper distribution of the net amount received in settlement of the action.

The compromise of the action for the amount proposed seems to be, under all the circumstances, just and proper and for the best interest of those concerned and will be approved. The compensation of the attorney for the administratrix is fixed in the amount requested to include all services to the entry of the decree in this proceeding and distribution as may be directed therein.

The decedent died February 8, 1950, as a result of injuries sustained in an automobile accident in this State, and the distribution of the damages received for his death is controlled by section 133 of the Decedent Estate Law, as amended (L. 1949, ch. 639, eff. April 16, 1949). (*Matter of Weaver,* 195 Misc. 405.) The statute directs that the damages received shall be distributed to decedent's husband or wife and next of kin in proportion to the pecuniary injuries suffered, and the determination thereof is properly a matter for this court.

The amendment of the applicable provisions of the Decedent Estate Law follows closely the provisions of Federal statutes granting right of action for injuries sustained and death caused while engaged in interstate commerce, notably the Jones Act, (U. S. Code, tit. 46, § 688), and the Federal Employers' Liability Act, (U. S. Code, tit. 45, § 51 *et seq.*) Such statutes direct that the damages received for wrongful death shall be distributed to the spouse and next of kin of decedent in proportion to the pecuniary loss sustained. There have been several decisions of the courts of this State which have considered and directed distributions of damages recovered in death actions arising under the Federal statutes. (*Matter of Barker,* 134 Misc. 833; *Matter of Gilbride,* 140 Misc. 797; *Matter of Uravic,* 142 Misc. 775; *Matter of De Martino,* 142 Misc. 431 and 785; *Matter of Klein,* 162 Misc. 589.) A pertinent decision of a Federal court is *Tumolo* v. *Reading Co.,* (52 F. Supp. 956). The courts have considered, in arriving at a determination of the proper distribution of the

fund, the dependency upon decedent of his spouse and next of kin and the number of years they could reasonably expect support from him. They have taken into consideration the age of decedent and the surviving spouse and the ages and mental and physical condition of his descendants and whether such of them as may be infants at the time of the death of the decedent may be expected to pursue normal occupations on reaching majority or, whether because of physical or mental ailment or otherwise, they would be dependent on decedent beyond the age of twenty-one years. Using the aggregate number of years of anticipated dependency of the spouse and next of kin as a denominator and the respective years of the anticipated dependency of each of such spouse and next of kin as the numerator of the fraction, distribution has been directed to each, in the normal case, in accordance with the fractional parts of the recovery or settlement attributable to each.

The court determines, in accordance with such cases, that the net amount received upon the settlement of the present action should be distributed to decedent's spouse and next of kin based on the period they might reasonably have looked to decedent for support. Decedent, at the time of his death, was forty-four years of age, and left surviving as his only distributees, his wife, the administratrix, who was several years younger, and a child about one year old, with twenty years to reach majority. The expectancy of life of the decedent, based on the American Experience Table of Mortality, was 25.27 years. By adding together 20 and 25.27 it appears that the total years of anticipated support of the wife and child aggregate 45.27. Using that figure as the denominator and using the respective years of the anticipated dependencies of the surviving spouse and child as numerators, the percentage of the net amount received in settlement of the action to be allocated to the surviving spouse is .558, and the percentage to be allocated to the child is .442. The court determines, therefore, that the net amount to be received in settlement is payable .558 to the widow and .442 to the child.

As stated in *Matter of Uravic* (*supra*) there may be in a particular case a departure from the mathematical percentages in the event of a showing of the existence of conditions of illness or dependency, making it probable that the dependency upon the decedent and consequent loss as a result of his death were beyond those in the usual case. However, there has been no such showing herein.

Submit decree, on notice, accordingly.