Joseph A. Cox, S.
This court’s review of the computations made by the petitioner with respect to the distribution of the proceeds of the wrongful death action reveals that the proposed distribution of the fund is incorrect. The pecuniary loss to the widow must be based upon the life expectancy of her deceased *121 husband. The latest life tables issued in 1959 by the National Office of Vital Statistics of the United States Department of Health, Education and Welfare must be used (Matter of Shecora, 201 N. Y. S. 2d 191; Matter of Pounds, N. Y. L. J., Jan. 3,1961, p. 71, col. 8; Matter of Kramer, N. Y. L. J., March 9, 1961, p. 13, col. 4). The decedent who was 39 years of age at the time of his death had a life expectancy of 34.62 years. Accordingly, pursuant to the formula set down in Matter of Kaiser (198 Misc. 582), the balance of the fund resulting from the settlement of the wrongful death action, after payment of the attorney’s fee, disbursements and funeral expenses, is to be distributed as follows: to the widow Carmela Vacca, 61% ; to the infant Nicoletta Vacca, 23%; to the infant Vincenzo Vacca, 16%. Except as hereinabove noted, the application for leave to compromise the cause of action for wrongul death and to judicially settle the administratrix’ account is in all other respects granted.