John M. Keane, S.
This is a proceeding to compromise and
settle .causes of action for the wrongful death of George P. Maerkle and his wife, Claire Maerkle, both of whom died in an airplane accident on March 1,1962. They left them surviving as their only distributees three daughters: Patricia (born Sept. 21, 1942), Barbara (born Feb. 2, 1944), and Georgette (born Feb. 5,
The petition filed herein indicates that an offer of $40,000 has been made for the cause of action arising out of the death of George P. Maerkle and an offer of $20,000 for the cause of action arising out of the death of Claire Maerkle. Disbursements for the claim in the estate of George P. Maerkle amount to $175.34 and in the estate of Claire Maerkle $77.67. As set forth in the papers on file, payment of counsel fees was arranged on a contingent basis of one third of the net recovery. This amounts to a fee of $13,281.54 for the claim arising out of the death of George P. Maerkle and $6,640.77 arising out of the claim for the wrongful death of Claire Maerkle.
The net amount after expenses on that basis in each instance would be $26,563.12 for the cause of action arising out of the death of George P. Maerkle, and $13,281.56 for the cause of action arising out of the death of Claire Maerkle.
At the hearing held in this matter, the testimony indicated that this .settlement was .satisfactory to the petitioner who is the administratrix in each estate. After hearing the testimony, counsel for Patricia Maerkle Niklasson (formerly Patricia Maerkle), who has now attained her majority, and the special guardian for the other two children, who are still infants, expressed their satisfaction with the adequacy of the amount offered in settlement of the claim for wrongful death in each estate. There was no objection on the part of counsel for Patricia Maerkle Niklasson and the special guardian concerning the arrangements and amount of counsel fees requested by the attorneys for the petitioner.
From the testimony and the papers on file the court finds that all of the proceeds shall be allocated to the cause of action for wrongful death in each instance and no part shall be allocated to any cause of action for conscious pain and suffering. The court also finds that the amounts offered as mentioned aforesaid are adequate in each instance and that the claims for disbursements and attorneys’ fees in the amounts set forth above are satisfactory and are hereby approved. No other claims have been made against the amount of the recovery such as medical and funeral expenses and, therefore, none are allowed.
*619 Since other assets in each estate exceed $10,000, commissions on the residue after payment of the expenses of settlement, shall be paid to the administratrix in each estate at the rate of 2%%.
The only question remaining concerns the allocation of the proceeds. In view of the size of the total settlements, the court has reservations about making a mechanical allocation of the proceeds following the rationale of Matter of Kaiser (198 Misc. 582 [1950]), which is based primarily on the duty of support. Under that case and subsequent decisions following its rationale, the total number of years remaining of each child’s minority would be added together to obtain a denominator in making an allocation. The actual number of years remaining for each child’s minority would be the numerator for that child’s share. It appears to this court that such a method is not satisfactory in situations where the amount involved is substantial.
At the time of the death of the decedents herein, the three girls were 17,18 and 19 years old. In the petition it is proposed that Georgette, who was 17, receive 44.45%; Barbara, who was 18, receive 33.33%, and Patricia, who was 19, receive 22.22%. In terms of dollars, it is reqested in the petition that $17,710.95 be paid to Georgette, who was 17; $13,280.24 to Barbara, who was 18; and $8,853.49 to Patricia, who was 19. The special guardian for the two infants has supported this proposed allocation, citing Matter of Kaiser (supra) and later cases in which the problem of allocation to a widow and infant children was involved. Counsel for Patricia, the oldest child, has questioned the propriety of such an allocation which gives twice as much to Georgette, who was actually less than two years younger than Patricia.
There is no disagreement that in making an allocation, each infant should be entitled to support until attaining majority. The amount of support required for these three children, in view of their family circumstances prior to their parents’ death, is a factual matter. In the allocation proposed in the petition each child would receive funds for .support at the rate of approximately $4,400 per year. It has been suggested by counsel for Patricia Maerkle Niklasson that a sum of $2,500 per year would be a more realistic amount to use as a basis for determining the amount of support to which a child would be entitled. In view of all the testimony and papers on file, tin's seems to be a fair amount.
This court considers that any amounts in excess of an allocation at the rate of $2,500 per year would represent the additional *620 pecuniary loss suffered by these children because of the death of their parents. As to this latter loss, this court believes that each should share any recovery equally.
Basing the rate of support on $2,500 a year until their majority, the amounts which would be allocated and the periods of allocation are as follows:
Patricia 1 year 7 months....................$3,958.31
Barbara 2 years 11 months.................. 7,291.66
G-eorgette 3 years 11 months................ 9,791.66
$21,041.63
Two thirds of the $21,041.63 shall be paid from the recovery in the estate of G-eorge P. Maerkle and one third from the recovery in the estate of Claire Maerkle.
The balance remaining of the recovery in each estate, after making the total allocation of $21,041.63 as above and after payment of the other deductions previously approved and the allowance to the special guardian, shall be divided equally among the three children. The payment in the case of Patricia Maerkle Niklasson shall be made to her. In the case of the two infants, payment shall be made to the general guardian of each upon furnishing proof of sufficient security to receive the same. No further security need be furnished by the petitioner herein.