Edward S. Silver, J.
The proposed compromise of the cause of action for decedent’s wrongful death and for other incidental relief is granted, The attorney’s compensation for all legal services to and including the decree herein and distribution thereunder is fixed and allowed upon 33%% of the net recovery. The item of disbursement for the report of Doctor Feinberg is allowed in the amount of $50. The other disbursements are fixed and allowed in the requested amount. Petitioner will be reimbursed for the payment of funeral expenses.
The decedent was survived by her husband, a professional man, who has since remarried, a daughter 14% years old, and another daughter over the age of 21 years. Both the daughters are normal, healthy children. The son, however, has been a helpless cerebral palsy victim since birth, completely bedridden because of extensive crippling deformity, and cannot write or speak. There is no prospect for improvement in his condition. Hence, his dependency period, under the circumstances, is not to be considered as limited solely to Ms minority, *27 as would be employed in the usual case under the formula set forth in Matter of Kaiser (198 Misc. 582).
The court is morally certain that the husband of the decedent, the father of said child, will continue to properly care for and sustain this child during the child’s life or his own life. But to insure the existence of a fund for the benefit of the child should his father predecease him, the court in the exercise of the discretion granted by section 133 of the Decedent Estate Law directs that the net proceeds of the death action be distributed as follows: 70% to decedent’s son, 20% to the surviving spouse, and 10% to decedent’s minor daughter (Uranic v. Jarka Co., 142 Misc. 775, affd. 225 App. Div. 892, affd. 252 N. Y. 530; Matter of Smith, 235 N. Y. S. 2d 414; Matter of Vacano, N. Y. L. J., Aug. 16, 1957, p. 3, col. 7). Settle decree.