RICHARD HASSLER, as Administrator of the Estate of RICHARD T. HASSLER, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 44860.) — GABRIELLI, J. Appeal from a judgment of the Court of Claims awarding the claimant $1,200 for funeral expenses and $10,000 for the wrongful death of the intestate. While a patient at Creedmoor State Hospital, claimant's 19-year-old son died as the result of a fall from the 10th floor of the hospital. Upon this appeal, the State does not contest the finding of its negligence nor does it quarrel with the amount of the award for funeral expenses. It seeks, however, to have the award reduced by the sum of $10,000 on the ground of excessiveness in that no "pecuniary injuries resulting from the decedent's death" to the claimant have been shown (Decedent Estate Law, § 132, now Estates, Powers and Trusts Law, § 5–4.3). In order to support an award of damages for wrongful death, there must be some evidence of a pecuniary loss based upon proof that there was a reasonable prospect that the decedent would have been released from the hospital, if he had lived (*Grasso* v. *State of New York*, 264 App. Div. 745, affd. 289 N. Y. 552). It appears that the decedent had been admitted to the hospital some 12 days prior to his death; that, while he had enjoyed a record of prior gainful emloyment, he had had short periods of hospitalization and had been honorably discharged from the military service. Furthermore, the evidence also reveals that while he had been gainfully employed prior to his hospitalization, he had contributed to the household. In addition, the record further shows there were substantial intervals of time between his prior hospitalizations, usually of three-year durations. While the record shows

a lack of any medical evidence or expert testimony as to the probability of the decedent's release from the hospital or whether he would have periods of remission during which he could have performed useful services in the community, we cannot say as a matter of law that no pecuniary loss was suffered by the claimant, particularly in view of the history of the decedent's periods of remission and gainful employment. In the interests of justice the case should be " remitted to the Court of Claims for such further proofs relative to the prognosis of decedent's mental disease as either party may offer and for a reappraisal of the pecuniary injury " (*St. Pierre* v. *State of New York*, 268 App. Div. 808). Judgment modified, on the law and the facts, and in the exercise of discretion, so as to vacate the award of damages upon the wrongful death claim, and a new trial, limited to the issue of pecuniary injuries if any, sustained by decedent's distributees ordered; and, as so modified, affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.