Kenneth iC. Johnson, Jr., J.
This is a petition for approval of a compromise settlement of an action for the wrongful death of Philip iC. Cook, who died in an airplane accident on February 8, 1965. Mr. Cook was survived by his widow, Arvilla S. Cook (the petitioner) and three daughters, Arvilla E. (born May 28, 1955), Julia (born November 8,1956) and Merriam (born January 21,1962). The wrongful death action was filed in a United States District- Court for Admiralty, pursuant to section 761 et seq. of title 46 of the United States Code (“ Death on the High Seas by Wrongful Act ”), following appointment by this court of Mrs. Cook as administratrix of her husband’s estate. There was no trial. The compromise offer is $285,000. Approval is also sought of attorney’s fees, payment of a compensation lien, and apportionment and payment of the net proceeds. The special guardians appointed by this court for the children agree that the legal fees are reasonable, but dispute the proposed apportionment.
The proposed compromise is premised upon total estimated damages of $413,156, comprised of the following;
(1) Contributions to the family for the periods:
(a) To the expected date of trial '(January 3, 1970)
(b) To date of decedent’s retirement
(c) After retirement
(2) Accumulations
*539 (3) 'Parental care and guidance
(4) Services
In computing the children’s losses, each child was allocated a share in (1) (b), that is: one sixth of the yearly average contribution times years of dependency; an equal share (among themselves) of item (2), and all of item '(3), in equal amounts. The reason given, in essence, for allocating all of (1) (a) to the petitioner, widow, is that she contributed more to support of the children during that period than their father would have and thus they suffered no loss for the period. Similarly as to item (4) it is contended that the work such as carpentry, minor repairs, etc. that would have been done around the house by the decedent, had he lived, would mostly have been for the benefit of his wife.
The amounts allocated to each beneficiary as her pecuniary loss were totaled and computed as a percentage of the gross damages. Thus the petitioner proposes that she receive 66.7 % of the net proceeds, Arvilla E. 10.38%, Julia 10.76% and Merriam 12.16%.
The special guardians maintain that the foregoing proposed distribution is unfair to the children. They urge that the so-called 11 years of dependency ” formula be applied. Under that formula, the petitioner would receive 49.22%, Arvilla E. 13.72%, Julia 15.4% and Merriam 21.66%.
Before proceeding further, it is necessary that this court decide whether it has the power to approve the compromise and order distribution. The special guardian for Julia Cook appears to believe that approval is a matter for the Federal court. The doubt apparently arises from the wording of the Federal statute upon which the right of recovery is based. The statute (U. S. Code, tit. 46, § 762) provides that recovery “ shall be apportioned * * * by the court ”. In Matter of Rademaker (166 Misc. 201) the Surrogate (Kings County, 1938) declined to revise an award made by a commission and approved by the Federal court, sitting in admiralty. In Matter of Nelson (168 Misc. 161), the Surrogate (Westchester County, 1938), by way of dictum, said it appeared that the Federal Admiralty Court had exclusive jurisdiction to determine apportionment, citing Rademaker. (The Nelson case was disposed of under the Jones Act.) The only other case found, concerned with this point, is Matter of Southern S. S. Co. (135 F. Supp. 358). Here again, in what must also be regarded as dictum, the United States District Court referred to Rademaker approvingly. However, the question before the court was whether, after the Federal court approved a settlement, further approval *540 would be required by the State court that had appointed the administrator. The court said no.
The foregoing cited eases are not regarded as controlling the action of this court. Both the Rademaker and Southern S. S. Go. cases involved situations in which the Federal court had already acted to approve the settlements, and where it would obviously be inappropriate for a State court to entertain the same question. The Nelson case must be regarded as dictum only. It is noteworthy that the same Surrogate who acted in the Rademaker case approved 'settlement and distribution in Matter of Klein (162 Misc. 589), apparently having no doubt as to his authority to act. There, however, as in the instant case, the compromise was submitted to the Surrogate in the first instance, not following a decision in the Federal court. This court holds, therefore, that it has jurisdiction to approve settlement and distribution in the case at hand, but of course, in accordance with the pertinent Federal statutes.
The court considers that the proposed compromise by acceptance of $285,000 in full settlement of the wrongful death claim is reasonable and is approved. The court also approves the legal fee of petitioner’s attorneys (30% of the net proceeds). The fee of each special guardian ($500) is ] ike wise approved.
The principal dispute concerns apportionment to the beneficiaries. The petitioner urges that her proposal for distribution is the proper one as it most nearly accords with the statute (U. S. Code, tit. 46, § 762) which provides that recovery be limited to pecuniary loss. She criticizes the years of dependency formula proposed by the special guardians as a mechanical rule which would bring about a result having little or no relation to pecuniary benefits actually lost. She objects to having large sums tied up that would require resort to the court for amounts needed to support the children. She also suggests that large differences in the amount each child would receive would tend to provoke disharmony in what is now a united family.
The court has given careful consideration to the petitioner’s arguments and sympathizes with them in the main. At the same time it must be remarked that the petitioner’s allocation of damages is not above criticism. For example, each of the three children is assigned the same amount for loss of parental care and guidance. Is it reasonable to place the same intrinsic value upon such loss to a three-year-old child as to her nine-year-old sister? Might it not be expected that the younger would feel at some future time that, measured in years at least, her loss was considerably greater than that of her sister? This *541 is only mentioned as illustrating the difficulty of apportioning a recovery that will protect the interests, now and in the uncertain future, of all beneficiaries concerned. Counsel for the petitioner are to be commended sincerely for their efforts to establish the pecuniary losses of each member of the family, but surely they are prepared to concede that their computations are essentially, in part at least, estimates concerning which there can be valid differences of opinion.
The Federal cases consulted reveal no one consistent formula or pattern for apportionment. Although the courts were concerned with pecuniary loss, their determination of what pecuniary loss has been suffered and how to compensate for it has taken a variety of forms. Each one is apparently adapted to the particular circumstances involved and obviously represents that particular court’s view as to what is just, fair and reasonable. The formula favored by the special guardians, years of dependency, is certainly acceptable in the Federal courts. See, for example, Chermesino v. Vessel Judith Lee Rose (211 F. Supp. 36 [U. S. Dist. Ct., Mass.], affd. 317 F. 2d 927, cert. den. 375 U. S. 931). It has also been used in Jones Act cases. (See Matter of Southern S. S. Co., 135 F. Supp. 358, supra.) It is commonly used by the New York courts. (See Matter of Volpe v. Fireman’s Fund Ins. Co., 54 Misc 2d 212; Matter of Kaiser, 198 Misc. 582.) The same formula has been applied by New York courts in approving settlements arising under Federal statutes. (See Matter of Nelson, 168 Misc. 161, supra [Jones Act]; Matter of Klein, 162 Misc. 589, supra [Death on the High Seas by Wrongful Act].) In Matter of Von Schlichten (201 Misc. 334) the formula was used in a cause of action based on a California wrongful death statute. However, in Matter of Maerkle (44 Misc 2d 617) the court applied the formula only in part. In distributing a recovery for the wrongful death of both parents, the court allocated to each child a sum based on her years of dependency and divided the remainder equally among the three children concerned. In that case however, the girls’ ages were 17, 18 and 19, and use of the formula without change would have resulted in great disparity among the respective shares.
While the years of dependency formula may have weaknesses and may not be suitable in all cases, it does have the merit of generally wide acceptance and simplicity. The court considers that its use here is not inappropriate, with adjustments. The court agrees that ‘ ‘ contributions to date of expected trial (1/3/70) ” and “ services ” should be allocated to the petitioner. These two items were valued at $59,775 in the estimated gross damages; but as the compromise offer is only approximately *542 69% of that estimate, their actual value, as reflected in the settlement offer, is approximately $41,250. In view of this allocation, however, it is considered that the petitioner should bear the whole cost of the workmen’s compensation paid to January 3, 1970, an amount estimated to be about $14,000. This would yield the petitioner some $27,250 in addition to her share based on the years of dependency formula.
After deducting from the proposed settlement of $285,000 the legal disbursements ($1,710), the legal fee ($84,987) the special guardians’ fees ($1,500), the net special allocation to the petitioner ($27,250), and the compensation lien to January 3, 1970 ($14,000), the balance, $155,553, should be distributed as follows:

Widow Arvilla Julia Merriam

(49.22%) (13.72%) (15.4%) (21.66%)
$76,563.19 $21,341.87 $23,955.16 $33,692.78
Consideration must also be given to satisfaction of the remaining compensation lien (after Jan. 3, 1970) from the respective beneficiaries on the basis of 50% by the petitioner and one sixth by each of the children.
It should be noted that although the amounts shown above reflect the views of this court, in principle, as to how the recovery will be apportioned, minor adjustments in the various amounts may be necessary when the final order in this case is being prepared.
Subject to the foregoing, the petition is granted.