Otto C. Jaeger, S.
The executrix, decedent’s widow, has brought a discovery proceeding against the Federal Insurance Company (referred to as the carrier) seeking the payment of $25,000 by reason of the existence of an insurance policy hereinafter described. The insurance carrier has taken the position of a stakeholder. Because of the unusual facts decedent’s two infant children were also joined as respondents: A controversy has arisen between the widow and the guardian ad litem on behalf of the two children as to the manner of the disposition of the said insurance proceeds.
The facts giving rise to the controversy are these: Decedent died testate on October 31, 1969 in Virginia as the result of an accident involving an airplane of which he was a copilot. He was survived by a wife, the sole beneficiary under his will, and two infant children. Decedent was domiciled in New York and *895 was on a flight from New York at the time of his death. Decedent at the time of his death was an employee of Pittston Clinehfield Coal Sales Corporation, a subsidiary of the Pittston Company located in New York which, as part of a general insurance coverage plan, carried what is identified by the carrier as an “ aircraft hull and liability policy ’ ’. The policy basically provided the usual liability coverage up to $8,000,000. It also insured employees, including crew members, for $25,000 under an indorsement entitled ‘1 liability-guest voluntary settlement ’ ’ in which no beneficiaries are designated and no disposition of the proceeds is made.
The carrier in its answer requests an order of this court directing the manner of distribution of the said $25,000. The carrier calls the court’s attention to a decision by a Federal District Court in Tennessee (Federal Ins. Co. v. Quint, 318 F. Supp. 269) involving the same policy and its coverage with respect to the other pilot who was killed in the same accident. The Federal court determined that that pilot’s widow and four children would each take a one-fifth interest in the policy proceeds. In that instance the court applied a Tennessee statute codified as section 56-1108 of the Tennessee Code Annotated and held that the insurance policy fell within the statutory language ‘ ‘ insurance effected by a husband on his own life ’ ’. There is no similar statute in this State and the Tennessee decision does not appear to be pertinent much less controlling.
A determination of the issue herein requires a consideration of the nature of the insurance policy. The interpretation of the policy is determined by the law of the place where the policy is made (New Amsterdam Cas. Co. v. Stecker, 1 A D 2d 629, affd. 3 N Y 2d 1 ; Employers’ Liab. Assur. Corp. v. Aresty, 11 A D 2d 331, affd. 11 N Y 2d 696), which, in this instance, is New York.
Petitioner’s contention is a simple one. She contends that the policy is really an accident and health insurance policy under which the indemnity for loss of life is payable to a designated beneficiary or in the absence of a designated beneficiary to the estate of the decedent (Insurance Law, § 164, subd. 3, par. [A], subpar. [9]).
The court does not agree with petitioner’s contention but agrees with the one advanced by the guardian ad litem, namely that the policy here falls within the definition of motor vehicle and aircraft insurance. Subdivision 19 of section 46 of the Insurance Law reads in part as follows:
“ 19. ‘ Motor vehicle and aircraft insurance, ’ meaning insurance against: * * * (b) legal liability of the insured, and *896 against loss, damage or expense incident to a claim of such liability, and including an obligation of the insurer to pay medical, hospital, surgical and disability benefits to injured persons, and funeral and death benefits to dependents, beneficiaries or personal representatives of persons who are killed, irrespective of legal liability of the insured, arising out of the death or injury of any person resulting from the ownership, maintenance or use of motor vehicles or aircraft, but not including any kind of insurance specified in paragraph fifteen. ’ ’
The second indorsement on the policy entitled ‘1 liability-guest voluntary settlement ’ ’, commences, ‘ ‘ In consideration of the premium charged under the policy for Passenger Bodily Injury Liability ’ ’. It thereafter provides for paying certain benefits (in this case $25,000) at the request of the named insured “ regardless of legal liability ”. This is similar to the statutory language “ irrespective of legal liability of the insured ” (Insurance Law, § 46, subd. 19). It is a policy which inures to the benefit of third persons as well as the insured, unlike an accident and health policy which is a contractual obligation between the insured and the insurer only. Significantly the policy goes on to say: “5. It is a condition of the payment of the benefits provided by this endorsement that upon acceptance of such payment the Guest and any person having a loss of service claim and any person having a claim by way of subrogation to the rights of such guest or other person and any person having the right to recover from the Insured expenses incurred because of such injury or death and, in the event of the death of the Guest, the person or persons having a cause of action for the death [emphasis added] shall execute a full legal release of all claims against the Insured * * * and if the injured Guest or any person claiming by, through or under such Guest shall refuse to accept the benefits offered under the provisions of this endorsement within 30 days following such offer and to execute the necessary release, the Company will no longer be bound to pay such benefits.”
. While under our statute (EPTL 5-4.1) the estate representative is the one authorized to maintain an action for wrongful death, the beneficiaries of any recovery are those distributees who have been pecuniarily injured (EPTL 5-4.4). Here this Would be the widow and infant children. Relevant to a determination of the nature of the $25,000 payment are the policy provisions that a condition of payment is a release signed by the person or persons having ‘1 a cause of action for the death ’ ’ and that in the absence of a release ‘ ‘ the Company will no longer *897 be bound to pay such benefits ” (emphasis added). It is reasonable to conclude, therefore, and the court so holds that the payment of $25,000 is a payment for the wrongful death of decedent. Section 167 of the Insurance Law which presents the standard provisions for liability insurance policies (unlike § 164, subd. 3, par. [A], subpar. [9] applying to accident and death policies) contains no provision for payment of benefits to the estate of a decedent in the absence of a designated beneficiary. Thus the court in holding that the policy proceeds should be paid to those who have suffered a pecuniary loss is not making a determination in contravention of the statute.
To dispose of all the issues raised it is necessary to determine specifically to whom and in what proportions the proceeds from the insurance policy should be paid. The accident occurred in Virginia. The decedent and his family were domiciled in New York at the time of the accident; decedent’s employer was located in New York and the flight initiated from New York. The court by applying the dominant interest test holds New York law applicable as did the Appellate Division, Second Department in Pahmer v. Hertz Corp. (36 A D 2d 252). Applying New York law and particularly Matter of Kaiser (198 Misc. 582) the proceeds payable under the policy will be distributable 56.9% to decedent’s surviving spouse, 20.7% to his daughter Linda and 22.4% to his daughter Carol.
The order herein shall contain appropriate provision for the payment by the Federal Insurance Company directly to the persons entitled thereto as determined herein. The amounts distributable to decedent’s children will be paid to their guardian jointly with the Guardian Clerk of the Surrogate’s Court of the County of Westchester if their guardian is appointed within 30 days of the date of the order herein; otherwise the said proceeds will be deposited with the Commissioner of Finance of Westchester County for their benefit.