OPINION OF THE COURT
Bertram R. Gelfand, S.
At issue in this proceeding to account for the proceeds of the settlement of an action for wrongful death based upon medical malpractice, is the allocation of the settlement proceeds between the decedent’s two distributees. It has been stipulated between the parties that they waive their right to” a hearing and present all issues for determination based upon the written submissions that have been filed.
*170 Decedent died on June 16, 1971 at the age of approximately 27 years. Her surviving distributees are her husband, who was 29 years of age at the time of her death, and her son, who was one year old at that time. Decedent was a housewife who was not otherwise employed.
The recovery at issue totals $290,000. Petitioner contends that the recovery should be allocated in accordance with the formula set forth in Matter of Kaiser (198 Misc 582). If this formula were applied as stated by petitioner, he would receive 69.4% of the estate and the infant the remaining 30.6%. It is the contention of the infant’s guardian ad litem that taking into account the projected rate of inflation, it would cost $100,547.67 to support the infant until he attains age 21, and accordingly that sum should first be paid to the infant and the balance of the estate should then be allocated according to the formula contained in Matter of Kaiser (supra). The position taken by the guardian ad litem is based upon figures set forth in the consumer expenditure survey of the United States Department of Agriculture setting forth the cost of raising a child, not including a college education, and applying to this figure the consumer price index compiled by the United States Department of Commerce, Bureau of Labor Statistics. If the position of the guardian ad litem were adopted it would result in the infant receiving approximately 67% of the net distributable estate, and the petitioner the remaining 33% thereof.
Projecting the respective relative pecuniary benefits which a surviving spouse and an infant child would have received from a deceased wife and mother, who had no income or assets, had she lived, must lead at best to a result that cannot be classified as a product of an exact science. Matter of Kaiser (supra) presents a formula based upon the expected number of years of dependency of each distributee utilizing presumptions that the infant would not receive any pecuniary benefit from his mother after age 21 and that her spouse would receive pecuniary benefit for so long as he and his spouse both lived. Obviously, any such rigid mathematical formula is subject to variance based upon the numerous varying factors which are indicative of pecuniary loss in the circumstances of each case. Consideration has to be given to the relationship existing between decedent and his distributees (Murphy v Erie R. R. Co., 202 NY 242), the situation of the distributees and their condition in life (Grasso v State of New York, 177 Misc 690, affd 264 App Div 745, affd 289 NY 552), the decedent voluntar *171 ily providing beneficial services to the distributees (Gross v Abraham, 306 NY 525), and all other evidence showing a disposition on the part of the decedent to provide assistance to a distributee (Loetsch v New York City Omnibus Corp., 291 NY 308). The blind application of any mathematical formula based on statistical averages cannot possibly lead to an equitable apportionment of pecuniary loss in every case. In some cases the inherent character of the formula renders it inequitable. Certainly it would be difficult to conclude that where a decedent was survived by two children aged 19 and 20 respectively, that the pecuniary loss sustained by the 19-year-old was double that of the 20-year-old. The inequity of such a result is apparent when the same two children, had they lost the same parent 10 years earlier, would find the Matter of Kaiser (198 Misc 582, supra) formula concluding that there was a difference in their respective pecuniary loss of less than 4.8%. Matter of Kaiser (supra, p 584) itself recognized that, "there may be in a particular case a departure from the mathematical percentages”.
Courts frequently have not hesitated to deviate from fixing pecuniary loss based solely upon cold statistics when the facts belie the fairness of such a course (Matter of Robinson, 66 Misc 2d 167; Matter of Cook, 63 Misc 2d 537; Matter of Heindel, 51 Misc 2d 26; Matter of Maerkle, 44 Misc 2d 617; Matter of Uravic, 142 Misc 775; Matter of Heller, NYLJ, March 28, 1977, p 15, col 1; Matter of Schiaffo, NYLJ, Feb. 11, 1977, p 7, col 1; Matter of Richards, NYLJ, Aug. 27, 1975, p 8, col 2; see, also, Matter of Mairowitz, 90 Misc 2d 854). As was observed by my learned and respected colleague, Surrogate Keane, in Matter of Maerkle (supra, p 619) a rigid formula often "is not satisfactory in situations where the amount involved is substantial”.
The information submitted indicates that the infant presently resides in the State of Texas and is part of the household of his father and the father’s present wife. At this time the father is a self-employed antique dealer earning approximately $20,000 per year. He owns his own home, a car, a boat and has modest savings. It is not apparent to what extent these assets flow from a $20,000 partial distribution petitioner has already received in this matter. He has supported the infant throughout the infant’s life.
The court is sensitive to the fact that the infant’s father has been able to provide for the infant’s needs from his own *172 earnings until the present time. Consideration must also be given to the fact that the continued capacity of the father to meet the needs of the infant are subject to the vagaries of economic chance and the demands of his other obligations. Even if petitioner were to receive the entire settlement, its continuing availability for him to discharge his obligations will be dependent on a multitude of unforeseeable variables.
Giving due consideration to the factors here present it cannot be concluded that an infant who lost his mother at the tender age of one has suffered a pecuniary loss equal to less than one half of that incurred by the surviving spouse, as would be established by the mechanical application of the Matter of Kaiser (198 Misc 582, supra) formula. Likewise considering the fact that the petitioner is still primarily responsible for the support of the infant, the court cannot agree with the guardian ad litem’s conclusion that the infant’s pecuniary loss was more than twice the loss of the petitioner. Giving due consideration to all the relevant criteria which should be applied in fixing relative pecuniary loss it is determined that the net sum available for distribution should be distributed in equal shares to petitioner and the son.
[Further material omitted for purposes of publication.]