OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant, Georgette Zamora, has petitioned for an order, *120 inter alia, directing the distribution of the proceeds of a judgment entered in her favor after the trial of an action before this court. (See, Estate of Zamora, NYLJ, Oct. 4, 1985, p 13, col 2.) Mrs. Zamora is the administratrix of the estate of her late son, Andrew Zamora, who, it was held, died at the age of 17 as a result of the negligence of the defendant, State of New York. In light of this finding, claimant was awarded $43,317 for his wrongful death. In addition, $10,000 was held to be fair compensation for the decedent’s pain and suffering. No apportionment or distribution of the recovery was made.
After payment of legal fees, disbursements and a small lien, it is requested that authorization be granted to pay the balance equally to Andrew’s surviving parents.
This court is empowered to render the relief sought. (EPTL 5-4.4 [a] [1].) However, we have determined that it would be an imprudent exercise of discretion to do so and instead refer the matter to the Surrogate’s Court which issued the limited letters of administration permitting claimant to bring the action.
Damages in a wrongful death action are exclusively for the benefit of a decedent’s distributees, each of whom is to receive a part of the recovery proportionate to the pecuniary injury suffered. (EPTL 5-4.4 [a] [1].) The fixing of each share is to be made "after a hearing * * * on notice to all interested persons” (EPTL 5-4.4 [a] [1]). Where an action has been brought, this determination shall be made "by the court having jurisdiction of the action or by the surrogate of the county in which letters were issued.” (EPTL 5-4.4 [a] [1].)
In this case, limited letters of administration were issued by the Surrogate of the County of Richmond for the sole purpose of prosecuting the underlying action. Before there is a distribution, however, the pertinent statute contemplates a hearing to determine the recipients of any award. (EPTL 5-4.4; SCPA 2204 [1]; see, Lipman, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 2204, p 33.) Thereafter, the percentage each is to receive of the total award is to be calculated, usually according to the rule in Matter of Kaiser (198 Misc 582). This allocates a proportion of a recovery based on the application of a formula. The total number of years of support duty a decedent parent had at death with respect to his children is added to the lesser of the life expectancy of the decedent or his surviving spouse. This number yields a denom *121 inator. The individual expectancies of support provide a numerator. The fractions so formed are multiplied by the net amount of the wrongful death award and a per distributee allocation is thus provided.
This rule, being purely mechanical in nature, is not followed by the courts when unfairness would result. (See, Matter of Singleton, 96 Misc 2d 169; Midonick, Wrongful Death Distributions in the Surrogate’s Court: What’s the Matter with Matter of Kaiser? 58 [Apr. 1986] NY St BJ 7.) Fairness dictates that the exercise of such discretion be done in a uniform manner. This goal of evenhandedness is best served by a referral to the Surrogate’s Court, especially in light of the applicability of Uniform Rules for that forum. (22 NYCRR part 207.)
Moreover, in this case, decedent apparently left no spouse or issue, precluding the application of the Kaiser formula (supra) and necessitating resort to the court’s discretion to determine the comparative shares of the distributees. The interest of uniformity with respect to all such cases arising within a particular county dictates that this type of finding be made only in one court.
For these reasons, referral is necessary. The Surrogate’s Court, with its staff specially geared to handle such matters, provides the expertise and resources needed to oversee the “detailed and painstaking statutory procedure for the administration of the affairs of decedents.” (Matter of Franco, 108 Misc 2d 1084, 1087.) It is thus better suited to render the relief sought. This principle has been acknowledged in those cases that direct the Supreme Court not to exercise its inherent power in proceedings where, as here, the Surrogate’s Court had originally assumed jurisdiction. (See, Matter of Tabler, 55 AD2d 207; Dunham v Dunham, 40 AD2d 912; cf. Sims v Manley, 120 AD2d 405.) It has also been recognized where a wrongful death action has been compromised in the Supreme Court. (Matter of Franco, supra.) By following this procedure, we can best insure that all potential creditors and lienors, such as the State Department of Taxation and Finance, will receive notice and be best in a position to interpose any claims they might have.
Finally, we are constrained to refer this matter because of the conditions attached to the original grant of letters. The claimant there was restrained from “the enforcement of any judgment recovered * * * until the further order of the Surrogate’s Court on filing satisfactory security.” (See, SCPA 702 *122 [1].) To grant the instant application would be to circumvent or amend this order, something we are statutorily precluded from doing. (CPLR 2221.)