■ In the Matter of the Estate of JEANNE C. DUFFY, Deceased. DANIEL T. DUFFY, as Administrator of the Estate of JEANNE C. DUFFY, Deceased, Respondent; MARGARET M. DUFFY, Appellant. [617 NYS2d 588] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a decree of the Surrogate's Court of Rockland County (Weiner, S.), entered July 2, 1992, which denied respondent's objections to petitioner's proposed distribution of wrongful death proceeds.

At issue is the allocation of the settlement proceeds of a wrongful death action among decedent's nine children who ranged in age from 19 to 30 at the time of decedent's death on May 21, 1988. Decedent was 48 years of age at the time of her death, the result of a car accident, and apparently had no surviving spouse. As administrator of his mother's estate, petitioner commenced an action seeking damages for wrongful death and conscious pain and suffering and Surrogate's Court granted petitioner's application to compromise the action in

the amount of $270,000, allocating that entire sum to the wrongful death claim without objection from any of the children. Following a hearing to determine the allocation of the wrongful death proceeds, Surrogate's Court found that all nine children suffered equal pecuniary loss and apportioned the proceeds equally among them. The youngest child, respondent, appeals.

Respondent contends that Surrogate's Court should have employed the formula first enunciated in *Matter of Kaiser* (198 Misc 582) for the distribution of wrongful death proceeds. Applying that formula each distributee receives "a percentage of the award in arithmetic proportion to the number of years of dependency for which that distributee would have looked to the deceased for support" *(Matter of Acquafredda,* 189 AD2d 504, 505). Application of the formula *(see, supra,* at 505, n 1 [explanation of the *"Kaiser* formula"]) in this case means that respondent and her sister Diane Duffy would qualify as decedent's dependents for support purposes because only they had not attained the age of 21* at the time of decedent's death. Because respondent had approximately 21 months of anticipated dependency (date of birth February 4, 1969) and Diane Duffy had approximately one month of anticipated dependency (date of birth June 27, 1967), respondent claims entitlement to 95.5% of the wrongful death proceeds.

While EPTL 5-4.4 requires that the proceeds of a wrongful death action be distributed to those entitled "in proportion to the pecuniary injuries suffered by them" (EPTL 5-4.4 [a] [1]), the statute does not mandate application of the *Kaiser* formula or any particular mathematical formula in order to satisfy the "proportionality" concept, especially where equity is not served *(see, Matter of Acquafredda, supra,* at 506, 517). To this end, "the Surrogate is vested with discretion and with equitable powers as to the proportional allocation of wrongful death proceeds" *(supra,* at 506). A court should not follow the strict formula of *Kaiser* if unfairness would result *(see, Matter of Singleton,* 96 Misc 2d 169). Aside from the duration of anticipated support, Surrogate's Court may consider "all other evidence showing a disposition on the part of the decedent to provide assistance to a distributee" *(Matter of Feld,* 153 Misc 2d 615, 620). In this regard, we note that adult children are not precluded from sharing in wrongful death proceeds *(see,*

---

* The age of majority for support purposes is 21 *(see,* Domestic Relations Law § 32 [3]; Family Ct Act § 413 [1] [a]; *Matter of Acquafredda, supra,* at 505, n 1).

*Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668-669) and may state a claim for pecuniary injuries based upon the loss of a parent's guidance *(see, supra; Tilley v Hudson Riv. R. R. Co.*, 29 NY 252). Here, respondent was entitled to support from decedent during the remaining 21 months of her minority. Based upon decedent's family circumstances, her earnings' record and under all the circumstances as set forth in this record, we find that a support allocation of $10,000 adequately provides for her economic needs during this period.

Based upon this record, we cannot say that Surrogate's Court erred by concluding that all of decedent's children suffered pecuniary loss *(see, Matter of Acquafredda, supra; Matter of Singleton, supra; see also, Matter of Feld, supra,* at 620) and, therefore, the surplus in excess of the $10,000 shall be equally divided among all nine children *(see, Matter of Green,* 127 Misc 2d 266; *Matter of Maerkle,* 44 Misc 2d 617). Accordingly, we modify the decree to first provide for the payment of $10,000 from the net proceeds to respondent and that the remaining surplus be apportioned equally among all nine children.

Mikoll, Mercure, White and Yesawich Jr., JJ., concur. Ordered that the decree is modified, on the law and the facts, without costs, by providing for the payment of $10,000 from the net proceeds to respondent before the remaining surplus is equally apportioned among all of decedent's children, and, as so modified, affirmed.