■ RICHARD LEIBOWITZ, on Behalf of Himself and as a Shareholder of OBSESSIVELY CLEAN II AND FAST STRIKING ADJUSTMENT CORP., Appellant, v OBSESSIVELY CLEAN II, INC., et al., Respondents. [702 NYS2d 561] —In an action, inter alia, pursuant to Business Corporation Law § 626 to recover damages for the waste of corporate assets, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 4, 1999, which denied his motion to vacate a judgment of the same court, dated March 16, 1998, entered upon his default in appearing at a court-ordered conference and complying with discovery requests.

Ordered that the order is affirmed, with costs.

It is well settled that a party attempting to vacate a judgment entered upon his default must establish both a reasonable excuse for the default and a meritorious claim (see, CPLR 5015 [a] [1]; Putney v Pearlman, 203 AD2d 333). The court should not exercise its discretion to relieve a party from a judgment where that party has demonstrated lack of good faith or has been dilatory in asserting his or her rights (see, Spodek v Feibusch, 259 AD2d 693).

The plaintiff failed to offer any reasonable excuse for his failure to appear at a court-ordered conference and comply with discovery requests. Moreover, the record is replete with evi-

dence of the plaintiff's lack of good faith and failure to timely assert his rights. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the judgment entered upon his default. Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.