OPINION OF THE COURT
Zelda Jonas, J.
Plaintiffs’ motion for an order appointing a temporary administrator for the estate of the recently deceased defendant, Walter F. Cook, Jr., is denied.
*511 The above-entitled action is a personal injury action regarding an automobile accident. During the pendency of the action, the defendant, Walter F. Cook, Jr., became deceased, causing the action to be automatically stayed pending the appointment of a Public Administrator on behalf of the deceased estate. According to the affirmation of plaintiffs’ counsel, plaintiffs petitioned Surrogate’s Court in Nassau County for the appointment of the Public Administrator. Plaintiffs received a letter from counsel for the Public Administrator of Nassau County that the letters of administration would be issued upon payment of costs and attorney fees (notice of motion, exhibit D). Counsel for plaintiffs refuses to pay these fees and has, therefore, submitted the instant motion to the Supreme Court.
The New York State Constitution provides the Surrogate’s Court with a broad mandate having “jurisdiction over all actions and proceedings relating to the affairs of decedents * * * administration of estates and actions and proceedings arising thereunder * * * and such other actions and proceedings, not within the exclusive jurisdiction of the Supreme Court, as may be provided by law” (NY Const, art VI, § 12 [d]; SCPA 201, 202, 209 [10]; Matter of Piccione, 57 NY2d 278). While the Supreme Court and Surrogate’s Court have concurrent jurisdiction in matters involving decedent’s estate, the Supreme Court’s jurisdiction is general whereas the Surrogate’s Court’s jurisdiction is specialized to handle these matters. The Surrogate’s Court has a staff specially geared to handle such matters which provides the expertise and resources needed to oversee the “detailed and painstaking statutory procedure for the administration of the affairs of decedents.” (See, Zamora v State of New York, 132 Misc 2d 119, 121.)
The Supreme Court hereby refrains from exercising jurisdiction in matters involving the deceased’s estate since Surrogate’s Court is best suited to render the relief sought (Matter of Piccione, supra), and plaintiffs had already petitioned Surrogate’s Court for said relief (Matter of Tabler, 55 AD2d 207, 210). Further, plaintiffs’ motion is nothing more than an attempt to circumvent the costs imposed by Surrogate’s Court for the appointment of a Public Administrator. If plaintiffs contest the Surrogate’s Court’s authority to impose certain fees, then such application should be more appropriately brought in Surrogate’s Court.