Matter of Pryor-Holland (2024 NY Slip Op 51009(U))

[*1]

Matter of Pryor-Holland

2024 NY Slip Op 51009(U)

Decided on August 1, 2024

Surrogate's Court, Queens County

Kelly, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 1, 2024
Surrogate's Court, Queens County

In the Matter of the Application of Diane Pryor-Holland, 
 as Administrator of the Goods, Chattels, and Credits which were of Richard Holland, a/k/a Richard G. Holland, Deceased. 
 For Leave to Compromise Personal Injury, Conscious Pain and Suffering, and Wrongful Death Claims Against the 9/11 Victim Compensation Fund on Behalf of the Decedent and His Estate; To Collect and to Distribute Proceeds; and to Render and to Have Judicially Settled an Account of the Proceedings as Administrator.

File No. 2013-2675/B

For Petitioner: Noah H. Kushlefsky, Esq.
For Respondents: Joseph N. Obiora, Esq.

Peter J. Kelly, S.

Respondents Damont and DaQuant Combs-Holland move, inter alia, to vacate their default in filing timely verified objections in this proceeding seeking approval of distribution from the September 11th Victim Compensation Fund ("VCF") award. Petitioner has opposed the motion.
Placing this in procedural context, petitioner filed her account as administrator seeking to lift the restrictions in her letters of administration and to compromise claims against the VCF. After the filing of amended pleadings and the filing of additional supporting documentation a citation was issued returnable on March 21, 2024. On the return date, Damont, pro se, appeared in court and the matter was marked for decree subject to any objections being filed on or by March 29, 2024. Objections were not filed, and the court issued a decision granting the petition on April 8, 2024.
In its April 8, 2024 decision, the court granted the distribution of the VCF award in accordance with the petition, which did not provide for a distribution from the VCF award to either movant. The court determined that, under a prior award issued by the Public Safety Officer's Benefit program ("PSOB"), the movants had already received preliminary compensation from federal funds (approved by the U.S. Department of Justice) that fully offset any amount they would be entitled to under the VCF's final award.
The instant motion seeks, inter alia, to excuse the movants' default in filing objections, specifically asserting that Damont understood he had 30 days from his appearance to retain an attorney and do so. Movants assert that right after the court appearance, Damont contacted the [*2]Queens Bar Association and was referred to counsel whom he informed of the time limitations. Counsel states that when he contacted the Surrogate's Court on April 8, 2024, he was surprisingly informed of his client's default. Based on the above, movants pray for the default to be attributable to law office failure.
Movants also assert that they have a meritorious claim in filing objections, arguing that the distribution of the VCF funds sought in the petition is incorrect, and that the net proceeds from the VCF award, after attorney's fees, should be distributed in accordance with the provisions of EPTL 4-1.1 without any offsets.
In support of their motion, movants provide Surrogate's Court pleadings, the court's decision in the underlying proceeding and other court documentation; an affidavit by Damont; a letter from petitioner's previous attorney addressed to the movants dated August 30, 2018; a copy of the PSOB award letter; electronic correspondence between movants and the U. S. Department of Justice relating to the PSOB award; and Damont's birth certificate.
In opposition, petitioner argues that movants' objections are untimely, and an excusable default was not shown since the parties were present in court on March 21, 2024 and were advised at that time of the March 29, 2024 time limit. Petitioner also argues that regardless of timeliness, the VCF award was distributed fairly and in accordance with the intestacy laws of New York State, wrongful death laws and statutes, and the regulations and policies that govern the VCF.
In support of her opposition, petitioner provides both the December 6, 2017 and August 20, 2019 VCF award letters; an affirmation by the petitioner's previous counsel dated March 12, 2019 withdrawing a compromise petition filed June 17, 2017; a copy of the PSOB award letter; a printout of the FAQs section of the PSOB program's webpage as of April 25, 2024; a printout of a portion of the VCF's policies and procedures webpage as of April 23, 2024; and a chart detailing the accounting distribution of the VCF award.
A party attempting to vacate a default must establish (1) a reasonable excuse and the absence of willfulness, and (2) a meritorious defense or claim which is not established by allegations in conclusory form (CPLR § 5015 [a] [1]; In re Estate of Wang, 5 AD3d 785, 787 [2d Dept 2004]; Leibowitz v Obsessively Clean II, Inc., 268 AD2d 565 [2d Dept 2000]).
Upon considering all pleadings and evidence presented, the court finds that the movants have not established a basis to grant the relief under either prong of the above standard.
Initially, movants assert they believed they had 30 days to retain an attorney and file objections. However, a review of the transcript of the proceedings confirms that the court marked the matter for decree subject to "objections being filed on or before March 29, 2024". The court thereafter informed the movant that he had the right to retain an attorney, and provided him with contact information for the Queens County Bar Association. A 30 day time period is never mentioned in any regard.
Counsel for the movants also did not act in a manner detrimental to his clients by following up with the Surrogate's Court on April 8, 2024. Counsel was erroneously informed by his client of the time limitations set by the court, and he thereafter acted within the time frame incorrectly presented by his client. Hence, the court cannot consider his actions a law office failure (Cf. Asterino v Asterino & Assocs., 275 AD2d 517 [3d Dept 2000]).
While potentially the court could be persuaded in its discretion to overlook this defect, [*3]especially if the movants had not been personally informed of the procedural status of the matter, the movants, fatally, also fail to state a meritorious claim.
The argument that movants should receive funds from the final distribution of the VCF award is erroneous both on the law and equity. While no proposed objections are presented with the motion, movants motion papers claim that petitioner's proposed distribution of the VCF award is incorrect since it excludes them from collecting any further funds from the final VCF award.
The movants assert that the distribution of the VCF award as submitted to the court was computed arbitrarily by the administrator. Specifically, they argue that the wrongful death award should have been distributed pursuant to EPTL 4-1.1, as described in a letter written by an attorney who previously represented the administrator. It is also argued that discrepancies between the initial VCF award, dated December 6, 2017, and the updated award, dated August 20, 2019, are not supported by any evidence.
As a preliminary statement, the court holds that the subject correspondence which was issued prior to the citation returnable March 21, 2024, has no probative value in deciding the present application as it merely recites an opinion of prior counsel based upon facts then existing.
Both the PSOB and VCF programs are federal law enactments for the benefit of a defined group of affected individuals and their surviving relatives. The PSOB program, currently codified under 34 USCS § 10281, is a collaboration between the U.S. Department of Justice and local-state public safety agencies that provides death benefits to the surviving spouse and children of law enforcement officers, firefighters and other first respondents.
In 2016, when the PSOB award was granted to the decedent's dependents (see 42 USCS § 3796 [a] [2] [former 2016]), the program defined "child" as any natural, illegitimate, adopted or posthumous child or stepchild of a deceased public safety officer who, at the time of the public safety officer's death or catastrophic injury, is either eighteen years of age or under, over eighteen years of age and a student, or over eighteen years of age and incapable of self-support due to physical or mental disability (42 USCS §3796b [3] [former 2016]). An award under this program is issued in addition to any other benefit that may be due from any other source, except inter alia payments under the September 11th Victim Compensation Fund (42 USCS § 3796 [f] [3] [former 2016]) (emphasis added).
The PSOB award letter specifically references the VCF exception, noting that "[a] PSOB benefit must be reduced by the amount of any VCF payments for [this] claim. To prevent any overpayment, the PSOB death benefit calculation is based on the amount of a VCF award."
Movants, ten years old on September 11, 2001, when the decedent suffered a catastrophic injury, were included as beneficiaries under the PSOB award, and shared one-third of half the total award $323,035.75. Specifically, in 2016 movants each received $53,839.29 from the PSOB program. The children of the decedent Rochelle Holland and Vanessa Holland did not benefit from this program due to age disqualification.[FN1]

For its part, the VCF, established in 2001 under 49 USC § 40101, compensates individuals who suffered physical harm or were killed as a result of the September 11, 2001 terrorist attacks and the aftermath debris removal efforts (28 CFR § 104.1). Since it is also administered by the U.S. Department of Justice, the VCF's specific procedures and policies are codified under 28 CFR § 104. A Special Master is appointed by the Attorney General to administer the program. The Special Master promulgates all procedural and substantive rules for the administration of the fund (115 Stat. 237-38 § 404 [a]). The Special Master's determinations are final and not subject to judicial review (115 Stat. 238-39 § 405 [b] [3]).
Upon receipt of a VCF award, the personal representative is obligated to distribute the award in a manner consistent with the law of the decedent's domicile or any applicable rulings made by a court of competent jurisdiction (28 CFR § 104.52). In New York State, damages recovered for the wrongful death of a decedent are exclusively for beneficiaries in proportion to the pecuniary injuries suffered by them (EPTL § 5-4.4 [a]).
Settled case law interprets the statute, and generally the decedent's spouse and under-aged children are the major recipients (see Matter of Kaiser, 198 Misc 582 [Surr Ct Kings County 1950]). While specific facts and situations call for New York Courts to expand on, and not adhere to the strict mathematical formula or the definition of a 'dependent' pursuant to Kaiser (see Gross v Abraham, 306 NY 525 [1954]; Matter of Acquafredda, 189 AD2d 504 [2d Dept 1993]; In re Estate of Duffy, 208 AD2d 1169 [3d Dept 1994]; In re Estate of Singleton, 96 Misc 2d 169 [Surr Ct Bronx County 1978]), movants here have not claimed nor submitted evidence for the court to consider the propriety of a deviation from the standard distribution of this wrongful death award, and the facts at bar would not compel the court, sua sponte, to consider such relief.
Other awards stemming from a death claim, namely conscious pain and suffering and personal injury awards, which are classified as non-economical awards, are distributed pursuant to provisions on the decedent's last will and testament, or if the decedent dies intestate, pursuant to EPTL § 4-1.1.
Given the above, the Special Master has determined that the final VCF award totaled $663,300.60 (see 115 Stat. 239 § 405 [b] [6]; 28 CFR § 104.47 [a]).
This final award, after deducting ten-percent (10%) for attorney's fees, is to be distributed pursuant to applicable New York State law as follows: $381,822.43 to the spouse, and $43,029.63 to each of the decedent's five children. This calculation is based solely on the VCF award and attorney's fees, without considering other claims against the estate.
Accordingly, since the movants already received $53,839.29 from the PSOB award in 2016, they actually received $10,000.00 in excess of their appropriate VCF award of $43,029.63. For this reason the court finds that, after the application of the law and in consideration of equity, movants do not have a meritorious claim or meritorious objection to the petition. Movants already received more than their allotted share of the federal funds authorized by the U.S. Department of Justice in relation to this claim. Accepting movants' argument would violate the statutorily mandated distributive scheme and would, further, only harm those children of the decedent who have yet to receive meritorious compensation.
The legislative intent behind these offsets aim to prevent overpayment of benefits and to [*4]avoid an individual benefitting twice from a singular claim (see eg Virgilio v City of New York, 407 F3d 105 [2d Cir 2005]). Under these facts, it would be more appropriate if movants appreciated that the administrator and other interested parties are not seeking to claw back funds movants received in excess of their VCF share, rather than requesting additional unwarranted compensation.
Accordingly, the branch of the motion seeking to vacate movants' default is denied. The balance of the motion is denied. The court directs that a decree be submitted pursuant to the court's April 8, 2024 decision.
This constitutes the decision and order of the court.
Dated: August 1, 2024

Footnotes

Footnote 1:Pursuant to 42 USCS § 3796 [a] [2] [former 2016], the award is distributed fifty percent (50%) to the surviving spouse and fifty percent (50%) to the children. In this case a third child also benefitted from the award in equal proportion as the movants. He waived citation and consented to the petition.