SUE HARRAZ, Indiv. and as Adm'x of the Estate of Mohamed Harraz, Deceased, Plaintiff-Appellee, v. EDWARD J. SNYDER III, Defendant (Glendale Heights Hospital, Inc., n/k/a Glen Oaks Medical Center, Defendant-Appellant).

Second District   No. 2—95—1377

Opinion filed June 19, 1996.

Bruce L. Carmen and Judith L. Hart, both of Hinshaw & Culbertson, of Chicago, for appellant.

Paul W. Grauer and Randall W. Graff, both of Paul W. Grauer & Associates, of Schaumburg, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

On May 4, 1994, the plaintiff, Sue Harraz, individually and as administratrix of the estate of Mohamed Harraz, voluntarily dismissed, without prejudice, the wrongful death and survival complaint brought against the defendants, Dr. Edward J. Snyder III, and Glendale Heights Hospital, Inc., n/k/a Glen Oaks Medical Center (Glen Oaks or hospital), pursuant to section 2—1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1009 (West 1994)). The amended complaint filed in 1992 alleged that the defendants negligently failed to diagnose and treat the abdominal hemorrhage suffered by the decedent, Mohamed Harraz, in February 1989, at Glen Oaks. The original complaint had been filed in Cook County on December 27, 1990.

The hospital maintained below that it was not vicariously liable for the conduct of Dr. Snyder, the treating surgeon, because, it asserted, Snyder was not its employee but an independent contractor who had staff privileges at the hospital. Upon motion for summary judgment filed by the hospital, certain nurses and employees (other medical personnel) were dismissed with prejudice from the original action.

The plaintiff refiled her complaint on May 4, 1995, within the one-year extension of the limitations period provided by section 13—217 of the Code (735 ILCS 5/13—217 (West 1994)). On June 12, 1995, Glen Oaks filed a motion to dismiss the refiled case. The hospital argued that, based on the doctrine of res judicata, the plaintiff was barred from relitigating the dismissal with prejudice of the other medical personnel since the court had already ruled as to them. Notwithstanding our supreme court's decision holding that a hospital may be found vicariously liable for the conduct of an independent contractor-physician who is shown to be an apparent or ostensible agent under certain defined conditions (Gilbert v. Sycamore Municipal Hospital, 156 Ill. 2d 511, 524-25 (1993)), the hospital also argued that the plaintiff could not state a cause of action to hold the hospital vicariously liable for the conduct of Dr. Snyder under the doctrine of apparent agency because of the recently enacted Civil Justice Reform Amendments of 1995 (Amendments) (Pub. Act 89—7, eff. March 9, 1995 (adding 735 ILCS 5/2—624 (West Supp. 1995))). This new legislation, adding section 2—624 to the Code of Civil Procedure, changed substantially the elements that must now be pleaded and proved in an action premised on apparent or ostensible agency in contrast to the elements of apparent agency previously established in Gilbert and prior cases involving medical malpractice. The hospital urged that plaintiff would be bound by the new statutory requirements as

the cause was refiled after the effective date of the new statute, March 9, 1995. The trial court initially denied Glen Oaks' motion to dismiss but, upon further clarification, found that claims against Glen Oaks' other medical personnel were barred as *res judicata* under its prior ruling. However, the court found that the plaintiff stated a cause of action against Glen Oaks based upon the alleged agency relationship of the hospital with Dr. Snyder and denied the motion to dismiss as to that claim. The court certified a question of law for interlocutory review under Supreme Court Rule 308 (155 Ill. 2d R. 308). This court granted leave to appeal. The trial court stated the following question:

> "Does the modification of hospital apparent agency liability found in 735 ILCS 5/2—624 apply to a cause of action refiled after a voluntary dismissal where:
>
> (a) the original cause of action was filed prior to the enactment of said sec. 2—624 and
>
> (b) said section 2—624 applies to causes of action filed on or after its enactment."

The hospital first argues on appeal that the trial court should have dismissed the cause for failure to state a cause of action premised on the hospital's vicarious liability because the complaint was insufficient to meet the more stringent requirements for apparent agency set up in section 2—624 of the Code, which became effective on March 9, 1995. In *Gilbert*, 156 Ill. 2d at 524, after reviewing prior judicial decisions in this State and others, our supreme court held that, under the doctrine of apparent authority, a hospital can be held vicariously liable for the negligent acts of a physician providing care at the hospital, regardless of whether the physician is an independent contractor, unless the patient knows or should have known that the physician is an independent contractor.

■ Prior to the effective date of the Amendments, the plaintiff had to show the following judicially defined elements of a cause of action against a hospital to prevail under the doctrine of apparent authority: (1) the hospital, or its agent, acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the hospital; (2) where the acts of the agent create the appearance of authority, the plaintiff must also prove that the hospital had knowledge of and acquiesced in them; and (3) the plaintiff acted in reliance upon the conduct of the hospital or its agent, consistent with ordinary care and prudence. *Gilbert*, 156 Ill. 2d at 525.

The *Gilbert* court explained that the element of "holding out" on the part of the hospital did not require an express representation by the hospital that the person alleged to be negligent was an employee.

Rather, the element would be satisfied if the hospital held itself out as a provider of care without informing the patient that the care was provided by independent contractors. *Gilbert*, 156 Ill. 2d at 525.

By contrast, in a case against a hospital or medical care providers involving a claim of apparent agency, section 2—624 of the Code requires the plaintiff to allege with specific facts and prove, by a preponderance of the evidence, the following more stringent elements:

"(i) that the alleged principal affirmatively represented to the party that the alleged agent was the alleged principal's actual agent;

(ii) that the party reasonably relied upon the alleged principal's representations that the alleged agent was the alleged principal's actual agent; and

(iii) that a reasonable person would not have sought goods or services from the alleged principal if that person was aware that the alleged agent was not the alleged principal's actual agent." Pub. Act 89—7, eff. March 9, 1995 (adding 735 ILCS 5/2—624 (West Supp. 1995)).

The new provision states that it "applies to causes of action filed on or after its effective date." Pub. Act 89—7, eff. March 9, 1995 (adding 735 ILCS 5/2—624 (West Supp. 1995)). Even the most casual comparison of the elements of apparent agency found in *Gilbert* with those found in section 2—624 of the Code readily discloses that the elements are indeed quite different and that the new statute abrogates the judicially developed law of apparent agency as applied to hospitals and other medical care providers.

■ On appeal, the defendant initially attempts to challenge, in rather conclusory fashion, the sufficiency of the plaintiff's complaint. In this permissive interlocutory appeal, we are not called upon to review the court's ruling on the merits of the complaint, and we will avoid considering issues not directly related to the question certified. See *Williams v. Chicago Osteopathic Medical Center*, 173 Ill. App. 3d 125 (1988). The relevant question before us is whether the new statutory pleading requirements or the previously judicially developed pleading requirements apply to plaintiff's refiled complaint where the original complaint for the cause of action was filed prior to the effective date of the statute. Otherwise stated, the question is whether, under the circumstances, the statute is to be applied prospectively or retroactively to the plaintiff's cause of action.

## PROSPECTIVE VERSUS RETROACTIVE APPLICATION

We conclude that the new statutory requirements do not apply to this case retroactively but are to be applied only prospectively. In or-

der to prevail, the plaintiff's pleadings and proofs must conform to the common-law elements of the doctrine of apparent agency as stated in *Gilbert*, 156 Ill. 2d at 525. The defendant argues that the new statute was clearly intended to apply to causes of action which had already accrued but were not filed until after its effective date. The defendant declares that it is of no moment that the newly created section 2—624 reaches back in time and changes the law for a cause of action already accrued under the apparent agency law found in *Gilbert*. We disagree.

■ Whether a statute is to be applied prospectively or retrospectively is frequently the subject of conflicting judicial opinions, rationales, and theories. See, *e.g.*, *Orlicki v. McCarthy*, 4 Ill. 2d 342, 345 (1954) (courts have considered issue in terms of constitutional restraints, vested or nonvested rights, jurisdiction, substantive or procedural distinctions, or legislative intent and statutory construction); *Young v. Chicago Transit Authority*, 209 Ill. App. 3d 84, 92-93 (1991) (unlike purely statutory right, accrued common-law right of action could not be barred by retrospective application of legislation). The long-standing rule is that the prospective application of statutes is to be preferred to retroactive application because of the fundamental principle of jurisprudence that the retroactive application of new laws is usually unfair and the general consensus that notice or warning of the rule should be given in advance of the action whose effects are to be judged. *Moshe v. Anchor Organization for Health Maintenance*, 199 Ill. App. 3d 585, 598 (1990). As a general rule, an amendatory statute will be construed prospectively rather than retroactively; the presumption of prospectivity is rebuttable, but only by the act itself which, either by express language or necessary implication, must clearly indicate that the legislature intended a retroactive application. *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303, 309 (1988).

## SUBSTANTIVE CHANGES

■ Generally, statutory amendments relating to substantive rights must be applied prospectively, while amendments relating to remedies or procedures are generally applied retroactively. *In re Pronger*, 118 Ill. 2d 512, 522 (1987); see *Orlicki*, 4 Ill. 2d 342. These rules have evolved:

"[W]hen a change of law merely affects the remedy or matters of procedure, an amendment will be construed as retroactive so long as that is what the legislature intended, and absent a saving clause as to existing litigation, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change or whether the action has been

instituted, *unless this would result in deprivation of a vested, constitutionally protected right.*" (Emphasis added.) *Moshe,* 199 Ill. App. 3d at 598.

See *Rivard,* 122 Ill. 2d at 310. Where a change in the law is "substantive" rather than "procedural," there is a presumption of prospectivity which is rebuttable only by the act itself. *Moshe,* 199 Ill. App. 3d at 599. A rule of law, for example, which makes one a party to a suit will be considered substantive so that, in *Rivard,* the supreme court held that, notwithstanding certain statements by individual sponsors of the legislation, a statute permitting voluntary unincorporated associations to sue and be sued in their own name was a substantive change in the law and would not be applied retroactively, where under the common law previously in effect such an association could not be sued in its own name. *Rivard,* 122 Ill. 2d at 311. The court determined that the language of the statute and its effective date pointed to a prospective application and would be so applied. 122 Ill. 2d at 312.

A truly retroactive law is defined as " 'one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past.' " *United States Steel Credit Union v. Knight,* 32 Ill. 2d 138, 142 (1965), quoting 82 C.J.S. *Statutes* § 412 (1953); see *First of America Trust Co. v. Armstead,* 171 Ill. 2d 282, 290 (1996). In *Moshe,* the court held that a 1988 amendment to the Voluntary Health Services Plans Act (Ill. Rev. Stat. 1987, ch. 32, par. 595 *et seq.*), which eliminated the absolute statutory immunity from suit for most health maintenance organizations (HMOs) chartered under the previous version of the act, represented a substantive change in the law, because the amendment operated to make HMOs parties to malpractice suits where formerly they could not have been made parties and it created new obligations and liabilities which did not previously exist. After determining that the change in the law was substantive, the court considered whether the presumption of prospectivity to be accorded the legislation could be overcome either by the express language or by necessary or unavoidable implication. *Moshe,* 199 Ill. App. 3d at 601-02. The court found no express language directing that the amendments be given retroactive application and no retrospective application was required by necessary implication. *Moshe,* 199 Ill. App. 3d at 602 (a necessary implication occurs where no other interpretation is permitted by the words of the statute construed).

■ At this juncture, it clearly appears to us that the new legislative enactment effected a substantive change in the law. It alters the

obligations and liabilities between the parties by modifying significantly the elements to be pleaded (and proved) in order to make the hospital a party to the suit; and it imposes a new disability upon the plaintiff with respect to a transaction that had already occurred. This creates a presumption that the statute is to be applied prospectively rather than retrospectively.

Furthermore, the language of the statute does not expressly state that it must be applied retroactively to accrued causes of action. The statute merely states that it applies to "causes of action filed" on or after its effective date. Arguably, it applies to all causes of action regardless of the date of accrual. It is silent regarding previously filed or previously accrued causes of action, or even "refiled" complaints that were voluntarily dismissed. Although the provision does not state whether it applies only to causes of action accrued after the effective date, that is one plausible interpretation of the provision since the statute speaks in terms of "causes of action" filed after the effective date rather than "complaints." Because the provision is susceptible to more than one construction and is silent as to retroactive application, we cannot say with certainty that there is a necessary implication that it must be applied retroactively to an accrued cause of action.

## VESTED RIGHTS APPROACH

The parties dispute whether the plaintiff acquired a vested right in her accrued cause of action. It appears that our supreme court now favors a "vested rights" analysis where it will avoid problems in determining legislative intent or in distinguishing between substantive and procedural changes in the law. See *Armstead*, 171 Ill. 2d at 289 ("the better approach is to apply the law that applies by its terms at the time of the appeal, unless doing so would interfere with a vested right"). In *Armstead*, the court considered whether the plaintiff was entitled to register its underground storage tanks pursuant to the Gasoline Storage Act (430 ILCS 15/4(b)(1)(A) (West 1992)) where the statutory scheme was amended during the pendency of an administrative review in the circuit court. The statutory scheme provides registered owners potential benefits, including reimbursement for a portion of clean-up costs associated with the release of petroleum, under certain circumstances. The circuit court applied the amended statute and confirmed the decision of the State Fire Marshall to deny registration of the tanks. On review, the appellate court ordered the tanks to be registered pursuant to the unamended statute. Our supreme court held that the circuit court properly applied the amended statute as plaintiff had not established a vested right to

reimbursement prior to the amendment. Further, the supreme court concluded that registration need not be granted on equitable grounds as the plaintiff's application to register was not denied arbitrarily or because of the egregious conduct of the State Fire Marshall.

■ Vested rights are interests protected from legislative interference by our due process clause. *Armstead*, 171 Ill. 2d at 289; Ill. Const. 1970, art. I, § 2. While a vested right is difficult to define, it has frequently been defined to consist of something more than a mere expectation, based upon an anticipated continuance of the existing law, and it must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enjoyment of the demand, or a legal exception from a demand made by another. *Orlicki*, 4 Ill. 2d at 347. Where no vested rights are involved, either because they are not yet perfected or because the legislative amendment is procedural in nature, an amendment can be applied to an existing controversy without any retroactive impact. *Armstead*, 171 Ill. 2d at 290. The legislature is without constitutional authority to enact a law that is truly retroactive, in that it impairs vested rights, even if that is its expressed intention. *Armstead*, 171 Ill. 2d at 290, citing *City of Chicago v. Collin*, 302 Ill. 270, 274 (1922).

Whether a particular expectation rises to the level of a vested right is not capable of precise definition, but it is one that is so far perfected that it cannot be taken away by legislation, and it may consist of "a complete and unconditional demand or exemption that may be equated with a property interest." *Armstead*, 171 Ill. 2d at 291. Examples of vested rights which the courts have held cannot be impaired by subsequent legislation include: the bar to a suit by a statute of limitations after the statute has run; a landowner's right to compensation upon the filing of a petition in an eminent domain case (see *Armstead*, 171 Ill. 2d at 291); the enforcement of an exculpatory clause in a lease (*Booth v. Cebula*, 25 Ill. App. 2d 411 (1960)); and a defendant's exemption from an increase in the recovery limits over $10,000 in a wrongful death action which accrued prior to the statutory amendment (*Theodosis v. Keeshin Motor Express Co.*, 341 Ill. App. 8 (1950) (discusses various theories precluding retroactive application of legislation)). See also *Stanswsky v. Industrial Comm'n*, 344 Ill. 436 (1931) (right to compensation by beneficiary of decedent worker and liability of employer were to be determined by statute in force at time of injury prior to amendment and could not be enlarged or diminished by later act of legislature). The vested right of a defendant to invoke the bar of a statute of limitations has been equated with the right to bring the suit itself. *Wilson v. All-Steel, Inc.*, 87 Ill. 2d 28, 41 (1981), citing *Board of Education v. Blodgett*, 155 Ill. 441

(1895); see *Sanelli v. Glenview State Bank*, 108 Ill. 2d 1, 46 (1985) (Simon, J., dissenting, joined by Clark, C.J., and Ward, J.) (accrued cause of action viewed as vested right).

In *Armstead*, the supreme court noted that there is no vested right to the mere continuance of the statute because the legislature has a right to amend a statute. In that case, the change in the statute did not create a new obligation or duty with respect to a past transaction; the plaintiff's registration process was ongoing at the time of the amendment, and the plaintiff had not yet met all of the prerequisites for compensation, including registration, and had not alleged any release of petroleum or incurred any clean-up cost in reliance on access to the fund. There was no immediate and fixed right to compensation; thus, the plaintiff did not have a reasonable expectation or a vested right to reimbursement, and the amended statute was held to govern the plaintiff's application for registration.

■ Here, by contrast, we believe the plaintiff's accrued cause of action became a vested right and the statute cannot be applied retroactively to impair that right. Based on their relationship and their respective conduct, both the plaintiff and the hospital became subject to the common-law rules of liability stemming from the apparent agency that was alleged to have existed at the time of the injury. The rights and obligations of the parties became vested at the time of the occurrence, a time at which the hospital had the capacity to be sued. See *Zielnik v. Loyal Order of Moose, Lodge No. 265*, 174 Ill. App. 3d 409, 411 (1988) (unincorporated defendant's rights and obligations became vested at time of occurrence when it did *not* have the legal capacity to be sued). The crucial date for determining the applicability of a statute is not when the rights are asserted by the filing of the complaint but when the cause of action accrued. *Zielnik*, 174 Ill. App. 3d at 411. While there is no vested right in the mere continuance of a statute, a vested right has been defined as an expectation that is so far perfected that it cannot be taken away by legislation. *Armstead*, 171 Ill. 2d at 289. The right to compensation for wrongful death has been equated with a vested property right afforded by statute to the spouse and next of kin. See *In Matter of Estates of Dance*, 16 Ill. App. 2d 122 (1958) (amendment to wrongful death statute would not be applied retroactively where right to share in proceeds became vested at time of death of decedents); see also *Illinois Central R.R. Co. v. Cozby*, 69 Ill. App. 256 (1896); *Maney v. Chicago, Burlington & Quincy R.R. Co.*, 49 Ill. App. 105 (1892).

In the present case, the injury had already occurred and the plaintiff took steps to perfect her claim against the hospital by filing her original complaint well before the effective date of the statute.

The plaintiff voluntarily dismissed her original complaint in accordance with and in reliance on the extended statute of limitations and the well-established "absolute" right to refile the action provided by the Code of Civil Procedure. See *Wold v. Bull Valley Management Co.*, 96 Ill. 2d 110 (1983); *Tuch v. McMillen*, 167 Ill. App. 3d 747, 750, 752 (1988) (provision acts as limited extension to prevent injustice; plaintiff has absolute right to refile action against same parties and reallege same cause of action); 735 ILCS 5/13—217 (West 1994).

In *Chemrex, Inc. v. Pollution Control Board*, 257 Ill. App. 3d 274 (1993), the Illinois Environmental Protection Agency denied the plaintiff owner of underground storage tanks monetary reimbursement from the Underground Storage Tank Fund (415 ILCS 5/22.13(a) (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 111 1/2, par. 1022.13(a)) even though the plaintiff had complied with the eligibility requirements in force upon discovering the release of fluids from its tanks in April 1991. The denial was premised on a statutory amendment effective on September 6, 1991, which changed certain eligibility requirements. The reviewing board affirmed. On direct appeal, the appellate court noted that the board's construction of the statute attached a new disability in respect to transactions or considerations already past, and, since the law affected vested rights, the court found that the public policy against retroactive legislation must be invoked. *Chemrex*, 257 Ill. App. 3d at 278.

The *Chemrex* court concluded that the tank owner had established a vested right to reimbursement from the fund prior to the change in the law. Chemrex had discovered, reported, and set about repairing the releases from the affected tanks immediately after the leaks occurred and filed progress reports and plans as required, prior to the effective date of the amendment. See *Armstead*, 171 Ill. 2d at 292-93 (explaining *Chemrex*). As in *Chemrex*, the plaintiff here did all she could to perfect her interest in being compensated for her claims. Her right to compensation is equivalent to a vested property interest and that right should not be defeated by retroactive application of the new statute.

## EQUITABLE GROUNDS

The hospital argues that "any apparent unfairness" in the legislature's changing the law could easily have been alleviated had the plaintiff refiled the action before March 9, 1995, the date the amendment became immediately effective. In response, the plaintiff argues that newly enacted section 2—624 should not be applied retroactively to her cause of action because of the equitable rule that, where a statute decreases the time in which a prior existing claim

may be filed, the amended statute will not be retroactively applied unless there exists a reasonable amount of time *after* its effective date to file claims which existed prior to the amendment (*Balzer v. Inland Steel Co.*, 100 Ill. App. 3d 1071, 1072 (1981)).

This equitable rule is ordinarily applied in circumstances where the statute of limitations abruptly cuts off an accrued cause of action. Our supreme court has applied the rule even to an "inchoate" right of action. The court deemed a plaintiff's claim of injury in a medical malpractice case to have existed before it was discovered or had "accrued" and invoked the equitable rule to permit a complaint to be filed within a reasonable time after the limitations period had been shortened abruptly by amendment. *Moore v. Jackson Park Hospital*, 95 Ill. 2d 223 (1983); see *Billman v. Crown-Trygg Corp.*, 205 Ill. App. 3d 916, 924-25 (1990) (explaining *Moore*; inchoate right to sue arises at time of injury). Particularly where the cause of action is instantaneously barred by a new limitations period, a court will not read into the statute a retrospective application, and the plaintiff will be given a reasonable amount of time to file his or her claim, even after the effective date of the statute—based upon considerations of fairness and reasonableness. See *Moore*, 95 Ill. 2d at 223.

In *DeSeve v. Ladd Enterprises, Inc.*, in considering whether the repeal of a savings clause would bar the plaintiff's personal injury claim which arose 38 days prior to the repeal, the court stated the rule that "even where the legislative intent is clear that a statute be given retroactive effect, the enactment will not be so applied when to do so would lead to unreasonable or unjust results." *DeSeve v. Ladd Enterprises, Inc.*, 137 Ill. App. 3d 796, 800 (1985), citing *Champaign County Nursing Home v. Petry Roofing, Inc.*, 117 Ill. App. 3d 76, 79 (1983) (finding the rule inapplicable under the facts). In *Bonfield v. Jordan*, 202 Ill. App. 3d 638 (1990), the reviewing court concluded that a defendant's contribution claim should not be barred where the claimed injury occurred when the preamendment version of the governmental immunity statute was in effect but the contribution claim was not filed and could not "accrue" until after the effective date of the amended statute. Based on considerations of justice, fairness, and equity, the court held that the substantive (but inchoate) right of contribution arose when the injury occurred and the pre-amendment rules governing liability in effect at that time of the alleged injury would be applied to the claim. *Bonfield*, 202 Ill. App. 3d at 643-44.

■ We believe that it would be unjust and inequitable to read into the new section 2—624 a retrospective application of the requirements so as to bar instantaneously the plaintiff's accrued cause of ac-

tion against the hospital. The substantive right to hold the hospital liable arose at the time of the alleged injury under the judicially developed rules then in effect, and the new statute did not give the plaintiff a reasonable time to file her claim after its effective date. She refiled her claim within eight weeks of that date. Since her cause of action had accrued and she took steps to perfect her right in reasonable reliance on the laws previously in effect, including her right to refile the complaint, we believe such a slight delay should not bar the action. See *Bonfield*, 202 Ill. App. 3d at 644. We conclude that the modifications to the law of apparent agency for health care providers found in section 2—624 do not apply to the plaintiff's cause of action; rather, the common-law rules of liability stated in *Gilbert* are applicable, and the plaintiff may proceed with her action on that basis. The judgment of the circuit court of Du Page County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

McLAREN, P.J., and HUTCHINSON, J., concur.