**Todd SCOTT, Plaintiff,**

v.

**MIDWEST, LTD., an Illinois corporation; Kraus–Anderson Construction Company, a Minnesota corporation; Whiteman Enterprises, a California corporation, WE Liquidating Co., a California corporation; and Construction Forms, Inc., a Wisconsin corporation, Defendants.**

No. 95–4015.

United States District Court, C.D. Illinois.

Aug. 28, 1996.

---

David W. Stuckel, Harvey & Stuckel, Peoria, IL, for Todd Scott.

Eric F Schwarz, Hector L. Lareau, Snyder & Schwarz P.C., Rock Island, IL, for Midwest Ltd., and Midwest Limited Concrete Pumping Company.

Stephen T. Fieweger, Katz Mchard Balch Lefstein & Fieweger PC, Rock Island, IL, for Krause–Anderson Construction Company.

John C. Mulgrew, Heyl Royster Voelker & Allen, Peoria, IL, for Construction Forms Inc.

## ORDER

McDADE, District Judge.

Before the Court is Defendant Kraus–Anderson Construction Company's Motion for Partial Summary Judgment as to Count IX of Plaintiff's Third Amended Complaint [Doc. # 78]. That count alleges an action under the Illinois Structural Work Act (SWA). For ostensibly the same reasons given in the Court's Order of July 31, 1996 [Doc. # 77], the motion is granted.

■ Plaintiff's additional arguments do not convince the Court otherwise. *Harraz v. Snyder,* 283 Ill.App.3d 254, 218 Ill.Dec. 590, 595, 669 N.E.2d 911, 916 (1996) (not yet released for permanent publication), rests upon the premise that a fully accrued cause of action constitutes a "vested right" that cannot be retroactively impaired by a statutory enactment. In that case, the court held that at the time the wrongful death action accrued, the rights and obligations of the parties became vested in that the defendant hospital had the capacity to be sued under Illinois common law. Thus, a subsequent statutory enactment could not restrict the hospital's liability. *Id.* 218 Ill.Dec. at 596, 669 N.E.2d at 917.

Here, however, there is no vested right in the mere continuance of Plaintiff's rights under the SWA. *See First of Am. Trust Co. v. Armstead,* 171 Ill.2d 282, 215 Ill.Dec. 639, 642–43, 664 N.E.2d 36, 39–40 (1996); *People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, 21 N.E.2d 318, 321, *appeal dismissed,* 308 U.S. 505, 60 S.Ct. 111, 84 L.Ed. 432 (1939). Plaintiff's cause of action here is based upon a remedial statute—the Structural Work Act—which the Illinois legislature has chosen to repeal in its entirety. The Illinois Supreme Court has repeatedly provided that the result of such an unconditional repeal "stops all pending actions where the repeal finds

them." *Eitel,* 21 N.E.2d at 321. The general principles of retroactivity cited in *Harraz* regarding statutory amendments do not supersede the specific mandate of the supreme court in this regard.

Nor can it be said that the legislature's repeal of the statute violates due process. What the legislature gives its citizens, it may take away without violating the federal due process clause. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 432, 102 S.Ct. 1148, 1156, 71 L.Ed.2d 265 (1982) ("Of course, the State remains free to ... eliminate its statutorily created causes of action altogether"). Because there is no liberty or property interest at stake here, no vested rights have been created.

The Court must confess its discomfort with the position it has taken on this issue and wishes that it could find that the Illinois legislature's express intent should control here. However, the Court's analysis of Illinois Supreme Court precedent leads it to a different conclusion. This decision creates a problem for parties who are forced to litigate their SWA claims in this district.

Because this decision may have grave ramifications for many citizens of this district, the Court believes that a final judgment should be granted as to Counts III and IX of Plaintiff's Complaint.[1] Fed.R.Civ.P. 54(b). An entry of judgment under Rule 54(b) requires a final judgment "in the sense that it completely disposes of a separate claim for relief or finally resolves all claims against a particular party." *Horwitz v. Alloy Auto. Co.,* 957 F.2d 1431, 1433 (7th Cir.1992) *quoting United States v. Ettrick Wood Prods., Inc.,* 916 F.2d 1211, 1217 (7th Cir. 1990). Here, a final judgment on Counts III and IX is proper because it will dispose of all Structural Work Act claims in this lawsuit.

### CONCLUSION

IT IS THEREFORE ORDERED that Defendant Kraus–Anderson Construction Company's Motion for Partial Summary Judgment as to Count IX of Plaintiff's Third

---

1. The Court also notes that the Seventh Circuit Court of Appeals has the authority to certify this

Amended Complaint [Doc. # 78] is **GRANTED.**

IT IS FURTHER ORDERED that the Court dictates entry of a **final appealable judgment** pursuant to Fed.R.Civ.P. 54(b) on Counts III and IX of Plaintiff's Complaint. The Court further finds that **there is no just reason for delay.**

issue of law to the Illinois Supreme Court for a definitive answer.