LUZVIMINDA de la ROSA, Plaintiff-Appellee, v. NIKKI ZOLLAR, as Director, Department of Professional Regulation, *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 1—95—3621

Opinion filed July 30, 1997.—Rehearing denied September 18, 1997.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), for appellants.

William J. Larned and James F. Carlson, both of Wilmette, for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Luzviminda de la Rosa (de la Rosa), filed a complaint for administrative review against defendants, the Illinois Department of Professional Regulation (Department), the Department's Director, Nikki M. Zollar, and the members of the Committee of Nurse Examiners, seeking reversal of the Department's denial of her application for licensure as a registered professional nurse by endorsement of her California license, which she received when she passed

the National Council Licensure Examination (NCLEX), a nationally given standardized exam. The trial court reversed the Department's decision and ordered it to issue a license to plaintiff. The Department appealed.

On appeal, defendants contend that: (1) the trial court erred when it reversed the Department's decision because plaintiff failed to satisfy the statutory requirements for licensure by endorsement in Illinois; (2) the Department properly denied plaintiff's application for licensure by endorsement because the licensing requirements in California were not substantially equal to the licensing requirements in Illinois; (3) the Department properly denied plaintiff's application for licensure by endorsement because, pursuant to this court's decision in *Valdez v. Zollar*, 281 Ill. App. 3d 329, 665 N.E.2d 560 (1996), plaintiff did not pass the NCLEX until February 1994, one year after the date at which the 1990 amendment could be enforced to bar pre-1990 applicants.

## BACKGROUND

In order to become a registered nurse, plaintiff initially attempted to pass the precursor to the NCLEX in Illinois in July 1984. She failed that exam. She attempted to pass the exam again in July 1986, February 1987, and July 1987. At the time of these exams, the Illinois Nursing Act (Act) (Ill. Rev. Stat. 1983, ch. 111, par. 3428.2) prohibited the licensing of persons who had failed the exam six times until they had retaken the entire course of nursing study. See *Yu v. Clayton*, 147 Ill. App. 3d 350, 352, 497 N.E.2d 1278 (1986).

In 1987, the Act was amended and limited an applicant to a total of six opportunities to pass the NCLEX within three years. Ill. Rev. Stat. 1987, ch. 111, par. 3515. See *Valdez*, 281 Ill. App. 3d at 331. If the applicant failed the NCLEX a total of six times within three years, the applicant would be ineligible to take any further examinations or to be issued a license until such time as the applicant submitted to the Department evidence of the recompletion of the entire course of study. Ill. Rev. Stat. 1987, ch. 111, par. 3515. Plaintiff made another attempt to pass the NCLEX in California in July 1993, but failed again.

Effective January 1, 1990, the Act was again amended and presently requires:

> "[A]ny person in this State or in any other jurisdiction of the United States who fails to pass an examination *within 3 years* to determine the fitness of such person to receive a license as a registered professional nurse *** shall thereafter be ineligible to take any further examination or examinations, or be issued a

license, until such time \*\*\* of the recompletion of the entire course of study \*\*\*." (Emphasis in original.) 225 ILCS 65/15 (West 1992) (eff. January 1, 1990) (formerly Ill. Rev. Stat. 1989, ch. 111, par. 3515).

Plaintiff finally passed the NCLEX in February 1994 and received her license as a registered nurse in California on March 31, 1994. Thereafter, she was licensed by endorsement in Indiana in July 1994. Plaintiff applied for licensure by endorsement in Illinois pursuant to section 19 of the Act, which provides that an applicant who is already licensed in another state will be granted a license by endorsement without examination "whenever the requirements of such state \*\*\* were at the date of license substantially equal to the requirements then in force" in Illinois. 225 ILCS 65/19 (West 1992).

In a letter dated March 23, 1995, the Department denied plaintiff licensure by endorsement. The letter stated:

"In order to be eligible for licensure on the basis of endorsement under the provisions of the Illinois Nursing Act of 1987, ch. 111, par. 3501 *et seq.*) [sic], the applicant must have been licensed under a statute which was substantially equal to the statute in force in Illinois at the date of licensure.

At the date of your licensure in California, Section 15 of the Illinois Nursing Act of 1987 read in part that, '... any person in this State or any other jurisdiction of the United States who fails to pass an examination within three years to determine the fitness of such person to receive a license as a registered professional nurse or licensed practical nurse, shall thereafter be ineligible to take any further examination or examinations, or to be issued a license, until such time as such person shall submit to the Department full evidence as the Department may deem satisfactory, of the recompletion of the entire course of study ...'

According to Department records, you failed to pass the national licensing examination within the required three (3) years. The requirements in effect in your state of original licensure at the time of your licensure were not substantially equal to the Illinois licensure requirements in effect at that time. Therefore, you are not eligible for licensure in Illinois on the basis of endorsement, and your application is denied."

Plaintiff filed her complaint for administrative review of the Department's final decision on April 26, 1995. In the complaint, plaintiff alleged that the three-year requirement was not imposed until January 1, 1990, and that she had passed the NCLEX within three years of the first imposition of the requirement. Plaintiff alleged that, therefore, she complied with the requirements of the present statute and that the three-year period could not have started to

run prior to the enactment of the 1990 amendment because retroactive enforcement of statutes is prohibited. Plaintiff sought reversal of the Department's denial of her application for licensure and asked the court to order the Department to issue her a license.

In its response to plaintiff's complaint, the defendants argued that plaintiff was not eligible for licensure by endorsement because the California statute, under which plaintiff was licensed, was not substantially equal to the statute in force in Illinois at that time because the California statute imposed no time limits on testing. Defendants further contended that plaintiff had not satisfied the three-year requirement imposed in Illinois in that she had not passed the NCLEX until 10 years after her initial attempt in 1984. Defendants argued that it was not applying the three-year requirement retroactively but was merely applying the statutory requirements for licensure in effect in 1995 to an application for a license filed in 1995. Defendants further argued that, even if the application of the 1990 amendment to plaintiff was deemed to be retroactive, retroactive application was permissible here because the amendment merely clarified a preexisting three-year requirement that had been imposed since 1988 and did not impose a new substantive requirement. Defendants also argued that it had not violated plaintiff's due process rights arising from her constitutional right to pursue her chosen profession because it was merely requiring that she meet the same statutory requirements for licensure that all other applicants for licensure in 1995 were required to meet.

Plaintiff filed a reply to defendants' response in which she argued that the 1990 amendment imposing a three-year requirement was substantive in nature and thus could not be applied retroactively to her.

After a hearing, the trial court reversed the Department's decision and ordered the Department to issue a license to plaintiff. The trial court found that the 1990 amendment required, for the first time, that the NCLEX be passed within three years. The trial court held that the Department acted improperly because it retroactively applied the 1990 amendment, which the court characterized as affecting the substantive right to pursue a profession. The Department appealed.

We reverse.

OPINION

I

Defendants contend that this court's decision in *Valdez v. Zollar*,

281 Ill. App. 3d 329, 665 N.E.2d 560 (1996), which was issued during the pendency of this appeal, is directly applicable to this case and mandates that plaintiff is not entitled to licensure by endorsement. We agree.

■ It was the traditional rule of construction that an amendatory act would be construed as prospective unless express language of the act clearly indicated that the legislature intended a retroactive application; however, the presumption of prospectivity did not apply to procedure or remedies. See *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 288, 664 N.E.2d 36 (1996). Under this analysis, courts struggled with the determination of whether an amendment was procedural or substantive. See *Armstead*, 171 Ill. 2d at 288; see also *Harraz v. Snyder*, 283 Ill. App. 3d 254, 259-60, 669 N.E.2d 911 (1996). However, the Illinois Supreme Court has criticized the traditional approach and now favors a "vested rights" analysis, in which the law that applies by its terms at the time of the appeal is to be applied, unless doing so would interfere with a vested right. *Harraz*, 283 Ill. App. 3d at 261, citing *Armstead*, 171 Ill. 2d at 289.

In *Valdez*, the plaintiffs passed the NCLEX in 1993 after failing earlier attempts in the 1980s and 1990s. When the plaintiffs originally sat for the exam, the version of the Act in effect provided that if they failed the exam a total of six times, they would be ineligible to retake the exam until they recompleted their nursing studies. *Valdez*, 281 Ill. App. 3d at 331-32. When the plaintiffs sought Illinois licensure by endorsement, defendants, the Department of Professional Regulation and its Director, denied licensure based on the January 1, 1990, amendment. In the trial courts, both plaintiffs were granted licensure because the trial courts held that the 1990 amendment should apply only prospectively. *Valdez*, 281 Ill. App. 3d at 332. The defendants appealed and we affirmed.

On appeal, the plaintiffs argued that, because there had been no time limitation on passing the exam when they originally attempted the examination, the General Assembly was precluded from retroactively imposing upon them the three-year time limit in the current formulation of the Act. We agreed and explained that, under the Illinois Supreme Court's decision in *Armstead*, 171 Ill. 2d 282, 664 N.E.2d 36, a retroactive change in the law is one that takes away or impairs vested rights under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. *Valdez*, 281 Ill. App. 3d at 332-33. We held that the 1990 amendment could not preclude additional NCLEX attempts under its three-year time limit before March 1993, because such a change would have created a new obliga-

tion and imposed a new duty with respect to the past consideration of previous exams. We selected March 1993 as the date when the three-year limit could first be enforced to bar pre-1990 NCLEX applicants from future NCLEX attempts because March 1993 is when the 1990 amendment would first begin to bar others who had initially attempted NCLEX after the amendment's effective date—those who initially tried NCLEX in February 1990. *Valdez*, 281 Ill. App. 3d at 331. We stated in pertinent part:

> "Whether a particular expectation rises to the level of a vested right is not capable of precise definition, but it should be a complete and unconditional demand or exemption that may be equated with a property interest. [Citation.] For a particular expectation to be strong enough to render it complete and unconditional, we believe that a major factor must be the reasonable reliance that the expectation induces. [Citations.] In this matter, the plaintiffs detrimentally relied on the statute as it existed before 1990. They lost the opportunity to attempt additional exams before their three-year time limit expired. We find that the lack of any time restrictions for passing the NCLEX before 1990 was an unconditional exemption that rose to the level of a vested right.
>
> * * *
>
> *** [T]here is no vested right in the mere continuance of a law, and the legislature has an ongoing right to amend a statute. [Citation.] It is the prejudice from their reasonable reliance on the pre-1990 statute that grants the plaintiffs their rights in this matter. We believe that three years are an ample amount of time for pre-1990 applicants to have discovered and adjusted to the 1990 amendment, allowing them as many additional exam opportunities as they had before the amendment's adoption." *Valdez*, 281 Ill. App. 3d at 333-35.

*Valdez* is instructive. However, its facts are distinguishable from the facts here. In the instant case, plaintiff attempted to pass the NCLEX four times within three years between July 1984 to July 1987. She next took the exam in California in July 1993 and failed. Plaintiff did not pass the exam until February 1994. Under *Valdez*, plaintiff had three years from the effective date of the amendment, January 1990, to discover and adjust to the time limit imposed by the amendment. However, she failed to pass within this time period.

Plaintiff argues that the three-year period begins to run from the date of plaintiff's first attempt to pass the exam after the January 1990 effective date of the amended Act. This contention controverts our decision in *Valdez*. In our view, such an application of the statute could allow pre-1990 applicants to elect not to make a first attempt to pass the exam until more than three years after January

1993 and still have three additional years within which to qualify for licensure. Moreover, pre-1990 applicants would be in a better position than post-1990 applicants because they would be allowed more time to pass the exam. Instead, we held in *Valdez* that the 1990 amendment could not be applied to preclude additional NCLEX attempts by pre-1990 applicants before March 1993, because to do so would have created a new obligation violative of vested rights in consideration of previous exams. See *Valdez*, 281 Ill. App. 3d at 333. Accordingly, we chose March 1993 as the date by which we believed that pre-1990 applicants could no longer reasonably rely on the continuance of the law as it was before the 1990 amendment. See *Valdez*, 281 Ill. App. 3d at 335, citing *Wineblad v. Department of Registration & Education*, 161 Ill. App. 3d 827, 515 N.E.2d 705 (1987) (reliance on former statute was misplaced when plaintiffs had seven years of notice to the amended provision). In *Valdez*, we concluded that the plaintiffs detrimentally relied on the statute as it had existed before 1990 because they had lost the opportunity to attempt additional exams before their three-year time limit expired. *Valdez*, 281 Ill. App. 3d at 333. However, in the instant case, we cannot see how plaintiff could have reasonably relied to her detriment on the statute as it existed before 1990. Unlike the plaintiffs in *Valdez*, who passed the NCLEX in February 1993, plaintiff did not pass the exam until February 1994, four years after the 1990 amendment became effective and one year after March 1993.

■ In accordance with our holding in *Valdez*, we believe plaintiff had an ample amount of time to have discovered and adjusted to the 1990 amendment. "While a vested right is difficult to define, it has frequently been defined to consist of something more than a mere expectation, based upon an anticipated continuance of the existing law, and it must have become a title, legal or equitable, to the present or future enjoyment of *** the demand, or a legal exception from a demand made by another." *Harraz v. Snyder*, 283 Ill. App. 3d 254, 262, 669 N.E.2d 911 (1996). We determine that there was no detrimental reliance by plaintiff in being required to comply with the current provisions of the Act, which have been in effect since 1990, and that plaintiff had only a mere expectation in the continuance of the Act that did not rise to the level of a vested right. See *Martin v. Department of Professional Regulation*, 284 Ill. App. 3d 591, 596, 672 N.E.2d 267 (1996). Thus, we hold that, under these circumstances, the application of the 1990 amendment to plaintiff's situation does not constitute retroactivity. Accordingly, plaintiff was not entitled to licensure in Illinois.

## II

█ Defendants also argue, as they argued in *Valdez*, that the 1990 amendment was not applied retroactively because the amendment merely clarified existing law and did not substantively change the statute. Prior to the 1990 amendment, an applicant was allowed six opportunities within three years to pass the exam. Defendants argue that, since the NCLEX was offered only twice a year, it would be impossible to take the exam more than six times in three years and, therefore, the 1990 amendment did not substantively change the Act, but merely eliminated a confusing and redundant portion of the earlier statute. We addressed this contention in *Valdez* and found it meritless. See *Valdez*, 281 Ill. App. 3d at 338.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

GORDON and LEAVITT, JJ., concur.